James E. HOPPEN, Plaintiff-Appellee,

v.

A. James POWELL, Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section.

March 25, 1980.

Permission to Appeal Denied by Supreme Court June 2, 1980.

Thomas W. McDaniel and Erich W. Merrill, Memphis, for defendant-appellant.

James R. Ralph, Memphis, for plaintiff-appellee.

MATHERNE, Judge.

This lawsuit involves the dissolution of the partnership, Packaging Services, engaged in selling packaging materials.

In July 1977, the plaintiff and the defendant entered into a verbal partnership agreement whereby the defendant, Powell, was to work full-time at the partnership business at a salary of $2,000 per month and the plaintiff, Hoppen, was to work part-time at a salary of $300 per month. After payment of all expenses the net proceeds were to be divided 50% to each partner.

Powell quit his job and devoted full time to the partnership business. Hoppen continued his full-time employment with Weyerhauser Corporation and worked in the partnership business some nights and on weekends. Both partners brought accounts into the business and the partnership made money from its inception. In October 1977, Hoppen insisted that he be paid $2,000 per month the same as Powell. Hoppen based his demand for the additional salary on his understanding that under the agreement he would be paid $2,000 per month when the partnership could afford that payment even though he continued to work full-time with Weyerhauser. Powell would not agree to this insisting their agreement was that only when Hoppen quit Weyerhauser and worked full time for the partnership would it become a fifty-fifty proposition between the partners. The parties made some attempts to settle the matter and Powell offered to purchase Hoppen's interest. On October 19, 1977, Hoppen notified Powell that he wanted the partnership terminated.

As a result of the disagreement, Hoppen filed this lawsuit on October 31, 1977, wherein he petitions the court to dissolve the partnership because such dispute has arisen between the partners as renders a dissolution equitable and desirable. There is no other allegation of a breach of the partnership agreement, fraud or other act on the part of Powell which would justify a dissolution of the partnership by decree of court as allowed under T.C.A. § 61–131. Hoppen also petitions the court to appoint a receiver to wind up the business of the partnership, collect and receive all money, debts and property owing to the partnership, pay all debts of the partnership, sell all the assets of the partnership and make distribution of the net proceeds according to the respective interests of the partners.

By answer, Powell admitted that such dispute had arisen between the partners as renders dissolution of the partnership equitable and desirable, denied all other allegations in the complaint, questioned certain items listed as assets of the partnership and made claim for $3,000.00 representing his salary of $2,000 per month for the month of October and one-half of November 1977.

Both parties testified that Hoppen performed no work in the partnership business after mid-October 1977, and Powell testified that he continued to work with the

business until mid-November 1977. However, during the interim between the disagreement and the filing of this lawsuit Powell established a business of his own known as Specialty Packaging which engaged in the same business as the partnership. Hoppen also set up a packaging business in November 1977, known as Packaging Specialties. Both businesses of the individual partners did business with former customers of the partnership.

On motion of Hoppen, the chancellor entered an order on December 20, 1977, enjoining both partners from using partnership equipment and appointed Duncan Ragsdale as receiver of the partnership. It appears that a sale was then had of the partnership equipment and Powell bought the equipment. It further appears that the receiver made a report to the court, but that report is not in the record before this court.

Thereafter, a hearing was had and by order filed on February 2, 1979, the chancellor held the following: that the partnership had continued until at least October 31, 1977, when the complaint was filed, that prior to the dissolution the defendant Powell had breached his fiduciary duties to both the partnership and the plaintiff Hoppen, and, finally, that the defendant had come into court with unclean hands. Further, the chancellor dismissed Powell's counterclaim for $3,000, adjudged all assets of the partnership to be the property of Hoppen and divested Powell of all interest therein, held that Powell and Hoppen were each responsible for 50% of the contingent liabilities of the partnership as set out in the receiver's report, reserved the issue of the fee due the receiver, adjudged costs against Powell and granted a discretionary appeal to this court under the second paragraph of T.C.A. § 27–305. This court accepted the appeal.

The chancellor also held that Powell had taken over various accounts of the partnership in violation of his fiduciary duty to the partnership and Hoppen. Powell explained some of these transactions. The chancellor did not render an accounting, but merely

held that Powell came into court with unclean hands and divested him of all interest in the partnership. The chancellor, in his findings, took the position that it could not be determined how much Powell had wrongfully taken from the partnership, and concluded that Powell had apparently already taken all that was due him. The chancellor, therefore, decreed all assets to Hoppen. The chancellor stated that he was acting under the doctrine of equity. We disagree with this method of partnership accounting upon a dissolution of a partnership by court decree.

The parties seem to agree that dissolution occurred on October 31, 1977, when Hoppen filed this lawsuit. Even though Hoppen gave notice of dissolution in the month of October 1977, and withdrew from the business on or about October 15, 1977, neither party treated this action as amounting to a dissolution. The request for dissolution was not based upon a contravention of the partnership agreement; rather, this lawsuit was brought under T.C.A. § 61–131(f) on the ground that under the circumstances dissolution was equitable and desirable.

■ The filing of a lawsuit seeking dissolution does not necessarily effect a dissolution upon the filing of the cause—the court could refuse dissolution. Where, as here, the court determines that dissolution is proper, an order of dissolution should be entered. Such an order is not absolutely necessary, however, where as here, all partners agree that dissolution be effected. See: 60 Am.Jur.2d *Partnership* § 187. Under the facts of this case, considering the admissions of the two partners and the findings of the chancellor, we hold that dissolution was effected on October 31, 1977, the date this lawsuit was filed.

■ There were no provisions in the partnership agreement relative to dissolution, distribution of assets or accounting upon dissolution. Absent such agreement, the provisions of the Uniform Partnership Act apply as between the two partners. Compare: *Young v. Cooper* (1947) 30 Tenn. App. 55, 203 S.W.2d 376. In a suit for dissolution the partners are entitled to an

accounting, whether it be simple or complicated. See: 68 C.J.S. *Partnership* § 405.

 If dissolution results because of the wrongful acts of a partner, that partner is not summarily thrown out of the partnership and all assets turned over to the partner who did no wrong. The correct procedure is covered by the Uniform Act. T.C.A. § 61–137(2). The chancellor erred in the application of the clean hands doctrine—equity follows the law.

The decree of the chancellor is affirmed insofar as finding a dissolution of the partnership as of October 31, 1977. The chancellor's decree is in all other aspects overruled and this cause is remanded to the chancery court for a complete accounting as between the partners and the partnership and as between each other. After the accounting is approved by the chancellor a final decree will be entered adjudging the rights and liabilities of the partners, all receiver fees, expenses and costs.

The cost in this court is adjudged one-half against each partner for which execution may issue, if necessary.

NEARN and SUMMERS, JJ., concur.