Mary Kathryn Collins Griffin SHEP-HERD, Plaintiff–Appellee,

v.

James Arthur GRIFFIN, Defendant–Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 17, 1989.

Rehearing Denied April 13, 1989.

Permission to Appeal Denied by Supreme Court July 31, 1989.

Irvin M. Salky, Memphis, James E. Morreau, Jr. of Louisville, Ky., Richard S. McNeese, Germantown, for plaintiff-appellee.

Thomas J. Walsh, Jr., Memphis, Wildman, Harrold, Allen, Dixon & McDonnell, for defendant-appellant.

HIGHERS, Judge.

Although this case centers on property distribution in a divorce, it is complicated by the fact that after separation, but prior to divorce, the parties created a partnership with a dissolution agreement, and transferred all their assets into the partnership.

James A. Griffin (Husband) and Mary Kathryn Collins Griffin Sheperd (Wife) were married in 1974. Husband is a music composer, producer and performer whose association with a successful pop/rock group in the 1970's resulted in substantial wealth. That wealth had been invested in various ways including investments in real estate and a publishing company, and included royalties and copyrights, business equipment and other assets.

In anticipation of the divorce, Husband and Wife entered into a business partnership which was governed by a written agreement. All of both parties' real and personal property was transferred to the partnership. Wife was given the rights and responsibilities of management of the partnership under the agreement. The partnership agreement specified the terms of dissolution. The partnership could be dissolved upon the filing of a divorce action by the non-filing partner, upon breach of the partnership agreement by the non-breaching partner or by consent of both parties.

Wife filed for divorce in February of 1984, attaching a property settlement agreement which incorporated the partnership agreement. According to stipulated order, the partnership was not dissolved until March 13, 1984, the date that Husband filed a bankruptcy action. This date allows an inference that the dissolution was statutory under T.C.A. § 61–1–130(5) (1980) which provides that "[d]issolution is caused ... [b]y the bankruptcy of any partner...."

Although the agreement specifies the method by which wind-up will be conducted, the record does not reflect that appointment of appraisers and valuation of the partnership under the specified method was ever conducted. Instead, as part of the divorce proceedings below, again by stipulation, an accountant was appointed by the trial court to determine the value of the partnership for distribution purposes. Under the agreement, the distribution was to be one-third (⅓) to Husband and two-thirds (⅔) to Wife.

The appointed accountant evaluated partnership records and determined the value as of the dissolution date, and then made adjustments for post-dissolution drawings. After a hearing regarding the accountant's report on May 14, 1987, the trial court submitted a proposed ruling. Two more hearings were held after which the court entered an order dissolving the partnership and ordering Wife to pay Husband $245,799 from partnership funds, less one-third (⅓) of court costs. According to the order, Husband was not a partner after the date of dissolution, and since that date, all assets of the dissolved partnership have been the separate property of the Wife.

Husband has appealed asserting that the trial court erred, as a matter of law, in holding that all partnership assets became the separate property of Wife on dissolution. He also asserts that the trial court erred in relying on the accountant's report which was allegedly based on unverified data.

We note first that the use of a business partnership agreement as a conduit for a marriage dissolution and distribution of property is an exceedingly poor arrangement both for the business and for the marriage. For whatever reasons, which the parties no doubt consider valid, the parties have decided to milk a horse. As might be expected, several disputes have arisen as to exactly how it should be done,

and ultimately, the courts have been asked to resolve the dispute and milk the horse for the parties. The trial court attempted to reconcile equities of marriage dissolution (divorce) with the strictures of partnership dissolution under the agreement and Tennessee partnership law, but a final decree of divorce was entered on June 13, 1984. Although the decree incorporated the property settlement agreement which in turn incorporated the partnership agreement, from and after the final decree of divorce, this case was a partnership dissolution and nothing more.

■ We will first address the issue of whether the partnership assets became separate assets of Wife on dissolution. The trial court's order that partnership property became Wife's separate property seems to be based on the theory, asserted by Wife, that on dissolution of the partnership, Husband was withdrawing from the business of the partnership, and that the Wife wished to and could continue that business individually. According to the partnership agreement, however, the purpose of the partnership was to (1) hold jointly owned property, (2) engage in the commercial exploitation of Husband's talents and the talents of others contracted by the partnership, and (3) carry out any other business "proper or convenient." The record suggests repeatedly, including Section 18 of the agreement, that the underlying and primary purpose was facilitation of property distribution in divorce. That being the case, we fail to find in the record what "business" Wife intended to continue which might merit granting her individual ownership of partnership property when Husband filed bankruptcy.

Even if a business capable of continuing were clearly evident in the record, it is not clear that either party intended that business to continue after dissolution. The stipulated order states that dissolution occurred on March 13, 1984. Although as noted earlier, it might be inferred that the dissolution was a result of Husband's bankruptcy the order does not so state. The dissolution could as well have been by consent of the parties, an option provided for in the agreement. If so, the inference would be that the "business" was to cease, and the property distributed to the partners.

Additionally, of the three stated purposes only one clearly might constitute a continuing business—exploitation of the talents of the Husband and others. It would be difficult for Wife to continue such a business if the Husband did not so desire.

Whether or not the business is rightfully viewed as continuing beyond dissolution, there are two dates pertinent to resolution of this conflict. The first is the date of dissolution and the second is the date of termination. The dissolution date is the date on which a partner ceases to be associated with the carrying on of the business of the partnership. T.C.A. § 61–1–129 (1980) provides that on "dissolution the partnership is not terminated, but continues until the winding up of partnership is completed." Thus, although the partnership is dissolved, it is not terminated until the interests of the partners are settled. 59A Am.Jur.2d *Partnership* 809 (1987). As applied to this case, the statute means that neither Husband nor Wife took any separate interest in any partnership property on dissolution, and could take no such interest before termination and distribution.

■ Dissolution terminates all authority of any partner to act for the partnership except for winding up and completing partnership transactions. T.C.A. §§ 61–1–132, 61–1–133 (1980). Thus the Wife could incur no partnership expenses not associated with wind-up even in, and especially in, the carrying on of a separate business.

We have been cited T.C.A. § 61–1–137(b)(2) and (b)(3)(B) by Wife as authority for the court charging Husband with various expenses incurred by Wife in the dissolution, including attorney's fees. But these statutory provisions are applicable only to those situations where (1) the business is continued and (2) a partner has caused dissolution wrongfully. We have already indicated our reservations regarding the ability of the "business" to continue. Further, wrongful dissolution is not

established in the stipulated order of dissolution, nor is it established, so far as we can determine, anywhere else in the record. As noted earlier, the stipulated order does not state the reason for dissolution, which could arguably be any of a number of possibilities.

Both partners' rights and interests, including Husband's, remain unchanged until the partnership is terminated. 59A Am.Jur.2d *Partnerships*, § 809 (1987). Until termination of the partnership the interests of the partners in partnership assets, profits, liabilities and losses do not change, even though they exist at or occur after dissolution. *See Young v. Cooper*, 30 Tenn.App. 55, 203 S.W.2d 376, 386 (1947); 20 Tenn.Jur. § 43.

The report rendered by the court appointed accountant does not qualify as an accounting as that term is used in T.C.A. § 61–1–121 (1980). The report constituted no more than a compilation of figures. We in no way call into question the acts and judgments of the accountant. It appears from the record that he fairly and diligently performed the duties requested by the trial court. However, the fruits of his labors have not produced an accounting to which the partners are entitled under the statute. *Id; Hoppen v. Powell*, 600 S.W.2d 736, 738–9 (Tenn.App.1980).

For the reasons set forth herein, we reverse and remand this case for a proper accounting and distribution of the partnership. The date of dissolution is March 13, 1984, as determined by the trial court and not challenged on appeal. Costs on appeal are taxed to Wife.

CRAWFORD and FARMER, JJ., concur.