**Antonio PICCOLO, Plaintiff–Appellant,**

v.

**Kurt STAGMAIER, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

March 30, 1993.

Permission to Appeal Denied by
Supreme Court July 6, 1993.

John P. Konvalinka, Grant, Konvalinka & Grubb, P.C., Chattanooga, for plaintiff-appellant.

Hugh P. Garner, Garner, Lewis & Prickett, Chattanooga, for defendant-appellee.

## OPINION

McMURRAY, Judge.

The plaintiff-appellant and the defendant-appellee are partners in a partnership known as Piccolo–Stagmaier Partnership. Each partner owns a fifty percent interest in the partnership. The assets of the partnership consist primarily of a business building located in downtown Chattanooga and known as the Carroll Building. The Carroll building consists of three floors. The first floor is leased to retail businesses and the second floor is vacant. The third floor is occupied by the separate architectural businesses of the partners.

The partners experienced some differences relating to the operation of the partnership and the plaintiff filed this action seeking to have the partnership dissolved pursuant to the Uniform Partnership Act, T.C.A. § 61–1–101 et seq. The defendant answered and counter-sued seeking to have the partnership dissolved pursuant to the general partnership agreement. After a hearing on the merits, the trial court dismissed the original complaint, sustained the counter-complaint and ordered the partnership dissolved under the terms of the partnership agreement. For reasons hereinafter stated, we reverse the judgment of the trial court.

The plaintiff has presented the following issues for our consideration:

1. Whether the court erred in refusing to dissolve the partnership pursuant to the Uniform Partnership Act when the partnership agreement was silent as to dissolution for cause, and the proof established statutory grounds for dissolution.

2. Whether the court erred in ruling that the partnership agreement controlled dissolution and distribution when the requirements of the agreement were not met.

The partnership agreement, in pertinent part, provides as follows:

### ARTICLE VIII

Retirement, Death, Incompetency or Insolvency of a Partner.

8.01 *Retirement.* Any partner may retire from the partnership upon sixty (60) days prior written notice to the other partners. Such notice shall cause a dissolution of the partnership.

\* \* \* \* \* \*

8.05 *Value of the Interest.* The value of the interest of a retiring, deceased, incompetent or insolvent partner, as of the date of dissolution, shall be the sum of:

(a) the fair market value of his interest in the partnership; and

(b) his proportionate share of profits from the last accounting period.

If a net loss has been incurred to the date of dissolution, the proportionate share of such loss shall be deducted from the above sum. No value for good will or firm name shall be included in any computations of a partner Is interest under this article. *Once a year on or about January 1, the partners shall by agreement set forth in writing a fair market value for their combined interest in the partnership. Such agreed upon value shall be the basis for the valuation set forth in (a) above for that calendar year, subject to adjustment only for extraordinary events not contemplated at the time of such annual agreement.* (Emphasis Supplied).

It is undisputed that the partners never agreed upon a market value during any calendar year as required by the above quoted provisions of the partnership agreement.

The chancellor in his memorandum opinion found that "by filing the suit the plaintiff has, in effect, given written notice that he is withdrawing from the partnership; that the filing of a suit can be and probably normally is a withdrawal of a partner can be implied from the language in *Hoppen v. Powell,* 600 S.W.2d 736 [ (Tenn.App.1980) ] ..."

The chancellor further found that under the facts ... the evidence does not establish that any of the grounds or causes of dissolution set forth in T.C.A. § 61–1–130 exist.

We respectfully disagree with both conclusions reached by the chancellor. By failing to follow the terms of the partnership agreement, both partners have been guilty of such inaction as to render it impossible to withdraw or retire from the partnership in accordance with the partnership agreement. Thus, in any event, before a partner could retire or withdraw on notice, it would be necessary to invoke the assistance of the court or some other method of dispute resolution to establish a market value. We are of the opinion that the failure of the partners to establish a fair market value annually as required by the partnership agreement brings the case within the ambit of the provisions of the Uniform Partnership Act. T.C.A. § 61–1–131 provides in pertinent part as follows:

> **Dissolution by decree.—**(a) On application by or for a partner, the court shall decree a dissolution whenever:
>
> \* \* \* \* \* \*
>
> (6) Other circumstances render a dissolution equitable.

It would appear that since both parties— one by original complaint and the other by counter-complaint have—sought a dissolution and it being readily apparent from the evidence that these parties are unlikely to be able to function hereafter as partners in this partnership, coupled with the parties' failure to abide by their own agreement are "other circumstances which render a dissolution equitable."

In *Hoppen v. Powell,* 600 S.W.2d 736 (Tenn.App.1980) the court noted that "[t]here were no provisions in the partnership agreement relative to dissolution, distribution of assets or accounting upon dissolution. Absent such agreement, the provisions of the Uniform Partnership Act apply as between the two partners." It seems reasonable to treat the partnership agreement under con-

sideration here as having no provisions relative to dissolution since the parties through their own inaction have effectively rendered the provision in their agreement unusable and ineffective.

We reverse the judgment of the trial court in refusing to dissolve the partnership in accordance with the Uniform Partnership Act and remand the cause to the trial court for such other and further action as may be necessary to dissolve the partnership in accordance with the act. Costs of this cause are taxed to the appellee.

SANDERS, P.J., (E.S.), and GODDARD, J., concur.