IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2004 Session

## BURCHELL INSURANCE SERVICES, INC., v. WESTERN SIZZLIN STEAKHOUSE OF DYERSBURG, SONNY W. DENTON AND RITA M. DENTON

**Direct Appeal from the Chancery Court for Hamblen County**
**No. 99-300     Hon. Thomas R. Frierson, II., Judge**

**No. E2003-01001-COA-R3-CV - FILED JUNE 29, 2004**

Action by corporation for judgment on promissory notes representing loans made to partnership resulted in Judgment against defendant partner for one-half of amount of the loans plus interest and attorney's fees. On appeal we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

H. Scott Reams, Morristown, Tennessee, for Appellant.

Mark A. Cowan, Morristown, Tennessee, for Appellee.

## OPINION

In this action the Trial Court awarded a monetary judgment in favor of plaintiff against defendant, Sonny W. Denton, and Denton has appealed.

Plaintiff Burchell Insurance Services, Inc., sued defendants for judgment on five promissory notes, all executed on January 3, 1991, in the approximate amount of $427,000.00, representing principal, interest and attorney fees. Neill Burchell was the sole shareholder of the plaintiff corporation, and he along with defendant Sonny Denton were partners in Western Sizzlin Steakhouse of Dyersburg. The partnership was created in 1978 with four partners. Two partners eventually withdrew, and by 1985 the partnership consisted of Burchell and Denton. Burchell handled the finances of the partnership with the agreement of Denton, after the second partner

withdrew.  There are no written articles of partnership.

Beginning in 1986 and continuing through 1990, Neill Burchell executed a total of 47 promissory notes on behalf of the partnership to Burchell Insurance Services, Inc.  All of the notes were signed by Burchell, as general partner.  After years of mediocre results, Burchell and Denton agreed in the fall of 1990 to close the restaurant and liquidate the assets.  The restaurant ceased operations in late December of 1990, and Burchell testified that shortly after closing the business, "I thought it would probably be best if we just combined some of those [notes] . . . and then bring the interest up-to-date on them. . ."

Burchell testified that Denton knew that the money was continuously being infused into the partnership, and it was obvious there would be some security for this financing.  He also testified that Denton was not informed when he executed the consolidation notes in January 1991.  Denton testified that he only learned that Burchell had executed these notes in March of 1991.  Burchell also testified that Denton "knew" that the proceeds of the 47 notes were put into the business and that they discussed it "numerous times".

Subsequent to hearing the evidence, the Chancellor filed a Memorandum Opinion noting that the Tennessee Uniform Partnership Act in effect prior to January 1, 2002 was applicable to this case and said *inter alia*:

> The Defendant, Mr. Denton, argues that Mr. Burchell maintained no authority to act for and obligate the partnership in connection with the execution of the promissory notes in favor of Plaintiff.  Mr. Denton specifically argues that under the usual course of business for the partnership, both partners signed promissory notes obligating the partnership.  Further, the Defendant asserts that Mr. Burchell's execution of the promissory notes on behalf of the partnership constituted his attempt to transform capital contributions into claims of a third party creditor which would maintain a priority status upon liquidation of the partnership.

> Mr. Denton and Mr. Burchell entered into no written or formal partnership agreement.  Pursuant to T.C.A. 61-1-108, every partner is an agent of the partnership for purposes of its business.  A partner who assumes to act for a partnership must do so overtly and act as a partner-agent of the partnership in order to bind the partnership.  *Haury and Smith Realty Co., v. Piccadilly Parners 1*, 802 S.W.2d 612 (1990).

> . . .

> Attendant to each of the forty-seven (47) promissory notes executed between January 3, 1986 and October 4, 1990, the Plaintiff tendered draft in favor of Western Sizzlin Steak House in the amount reflected by the respective promissory note.  These funds were timely deposited into deposit accounts of the partnership.  At no

time did Mr. Denton tender notice or other objection that he would no longer be bound by obligations established through the aforementioned promissory notes. Likewise, Mr. Denton tendered no such notice in connection with the five (5) renewal notes executed January 3, 1991 in favor of Plaintiff. This Court concludes that Mr. Burchell maintained proper authority to act for and bind the partnership in connection with its business by executing the promissory notes representing loans to the partnership from the Plaintiff. As such, the renewal notes represent valid and enforceable obligations of the partnership.

The Court then awarded plaintiff a Judgment against defendant Denton in the amount of $193,915.09, plus Judgment for all interest accruing through May 31, 1999, as well as attorney's fees in the amount of $6,663.76, plus $467.51 in expenses. Defendant has appealed and raised these issues:

1. Was there consideration for the notes?

2. Did Neill Burchell have authority to execute the notes in question?

3. Is the plaintiff's claim barred by the doctrine of laches?

4. Did Burchell Insurance Services, Inc., as alleged payee on the notes of the partnership outstanding, require the defendant Sonny Denton to account for his contributions?

Defendant contends there is no consideration for the promissory notes, because plaintiff provided nothing in exchange for the notes. The evidence shows that the checks were written on Neill Burchell's personal account and consideration may be either a benefit to the promissor or a detriment to or obligation to the promissee. *Galleria Assoc., L.P. v. Mogk*, 34 S.W.3d 874, 876 (Tenn. Ct. App. 2000). *Johnson v. Central Nas. Ins. Co. of Omaha*, 356 S.W.2d 277 (Tenn. 1972). The Restatement of the Law 2d, Contracts (1981) 172, Section 71(4) states: "The performance or return promise [i.e., the consideration] may be given to the promissor or to some other person. It may be given by the promissee or by some other person." Comment (e) to § 71(4) states: "Consideration moving from or to a third person. It matters not from whom the consideration moves or to whom it goes. If it is bargained for and given in exchange for the promise, the promise is not gratuitous." A third party may properly provide consideration for a contract. *See, e.g., General Corp., Inc., v. American Interim Underwriters*, 178 F.3d 804, 812 (6th Cir. 1999).

Defendant also argues there was no consideration for replacing the 47 notes with the 5 combined notes. The Trial Court characterized this as a novation. A novation is the substitution of a new obligation for an old, and the four essentials of a novation are: (1) a previous valid obligation, (2) an agreement supported by evidence of intention, (3) extinguishment of the old contract, and (4) a valid new one. *Peoples Bank of Clifton v. Russ*, *Wayne County, Equity* Opinion of the Supreme Court filed June 6, 1932, at Nashville (not published); *Crabb v. Cole*, 84 S.W.2d

597, 600 (Tenn. Ct. App. 1935). When a renewal note is given in replacement of a prior note of the same amount, executed by the same parties (a novation), the surrender and cancellation of the original note is sufficient consideration for the execution of the new note. *First Nat. Bank of Chattanooga v. Reid*, 58 S.W. 1124 ( Tenn. C. Ch. 1900). This issue is without merit.

Defendants strenuously argues that Neill Burchell did not have authority to execute the notes in question. There is no dispute that the borrowed funds were received and deposited in the Western Sizzlin partnership account. Plaintiff introduced the checks forming the consideration for each note into evidence. Where there is no written partnership agreement, or if the agreement is silent on an issue, the Uniform Partnership Act governs the relationship of the partners. *Hoppen v. Powell*, 600 S.W.2d 736, 738 (Tenn. Ct. App. 1980).

It is well settled that every partner is both principal and agent of the partnership and of the other partners as to all matters within the course and scope of the partnership business. Tenn. Code Ann. § 61-1-108(a); In re *Ridenhour*, 45 B.R. 72, 79 (Tenn. 1984). The Uniform Partnership Act provides:

§ 61-1-108.  Agency of partners.

(a) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

(b) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.

. . .

(d) No act of a partner in contravention of a  restriction on his authority shall bind the partnership to persons having knowledge of the restriction.

While some crucial evidence is in dispute, the Trial Judge adopted Burchell's version of the facts, and under the familiar general rule, we defer to the Trial Court on issues of credibility of the witnesses.

While Denton testified that no single partner had the authority to execute notes obligating the partnership and the notes in question were the only notes issued without the signature of all partners, the Trial Court accredited Burchell's testimony that Denton knew of the transactions and they discussed them frequently. Crediting Burchell's testimony, it is clear that Denton did not

object to borrowing funds in this manner. *See, Edmond Bros. Supply Co. v. Boyle and Adams*, 44 S.W.3d 530, 534 (Tenn. Ct. App. 2000). The record also establishes that borrowing money was a usual and necessary incident to conduct the partnership business.

Defendant argues that Burchell's signing the "Combination Notes" was without his knowledge, and was done without authority. However, the Trial Court factually determined that the notes combined the actual obligations of the partnership for which the partners were already liable. Tenn. R. App. P. 13(d). We find this issue to be without merit.

Next defendant argues that plaintiff's claim is barred by the doctrine of laches. Since laches is an equitable defense, it is available when a plaintiff seeks some form of equitable relief. It is not a valid defense to an action brought solely at law. 27 Am.Jur.2d Equity s 154 (1966); 30A C.J.S. Equity s 113 (1965). *Union Planters Nat. Bank of Memphis v. Markowitz*, 468 F. Supp. 529, 533 (D.C. Tenn. 1979). The application of the doctrine of laches is within the sound discretion of the trial court, and the court will be reversed on appeal only upon a showing of abuse of discretion. *State v. Gipson*, 940 S.W.2d 73, 76 (Tenn. Ct. App. 1996). *Also see, Consumer Credit Union v. Hite*, 801 S.W.2d 822 (Tenn. Ct. App.1990). The instant case is an action at law subject to the statute of limitations. The Trial Court did not abuse its discretion in refusing to apply the doctrine of laches to the facts of this case.

Defendant's final argument is that the Trial Court impermissibly conducted a de facto accounting during a suit for collection on negotiable instruments. Upon analysis, we conclude that the defendant mischaracterizes this action. This was not an action for partnership accounting. The plaintiff sought to collect on promissory notes owing by the partnership. As we understand defendant's argument, he does not challenge the standing of the plaintiff to bring the action on the notes allegedly due, but "the plaintiff seeks to claim that the consideration for the notes are the excess contributions made by Neill Burchell", and hence, the claim is for a mater of accounting between the partners. The Trial Court's finding of fact negates this premise. The Trial Court found that the funds were borrowed as evidenced by the promissory notes signed by a partner of the partnership, and that they were used by the partnership. The Trial Court, by inference, rejected defendant's theory that these funds were contributed by Burchell to the operation of the corporation without any legal obligation arising as to the plaintiff.

Plaintiff seeks an additional award of attorney's fees from defendant on appeal. In our discretion, we decline to award additional fees.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Sonny W. Denton.

_____
Herschel Pickens Franks, P.J.