## · BARNES BROS. *v.* COAL CO.*

### (*Knoxville.*    October  12,  1898.)

1. STATUTE OF FRAUDS.  *Must be pleaded.*

   The statute of frauds is not available as a defense unless pleaded. (*Post, pp. 355, 356.*)

   Case cited and approved: *Citty v. Mfg. Co.*, 93 Tenn., 276.

2. CORPORATIONS.  *Strangers not affected by by-laws.*

   A third person or stranger to the corporation is not affected by the by-law of a corporation, of which he has no knowledge, to the effect that no contract can be made for a longer time than three months, without the approval of the board of directors.  (*Post, p. 356.*)

   Cases cited: 24 N. J. L., 440; 19 Johns., 115, 124.

3. RES ADJUDICATA.  *What is not.*

   The recovery of past due installments of rent, accruing under a lease for a term, at a specified monthly rental, constitutes no bar to the recovery in another action for installments that subsequently fall due.   The lease contract in such case is separable, not entire.  (*Post, pp. 356–361.*)

   Case cited and approved: *Coleman v. Hudson*, 2 Sneed, 465.

   Cited and distinguished: *Tarbox v. Hartenstein*, 4 Bax., 78; *Railroad v. Staub*, 7 Lea, 397; *Hughes v. Cannon*, 1 Sneed, 622.

4. CONTRACT.  *Separable or entire, when.*

   Whether a contract is entire or separable into several independent contracts, permitting several actions thereon, depends upon the intention of the parties, to be ascertained from the language employed and the subject-matter of the contract.  (*Post, pp. 351–358.*)

---

*The effect of corporate by-laws as notice is considered, with review of the authorities, in note to Moyer *v.* East Shore Terminal Co. (S. C.), 25 L. R. A., 48.—REP.

Barnes Bros. *v.* Coal Co.

Cases cited: 128 U. S., 446; 100 Am. Dec., 560; 59 Am. St. Rep., 278; 68 Am. Dec., 382.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McConnell, Ch.

White & Martin for Barnes Bros. ·

F. S. Yager and Washburn, Pickle & Turner . for Coal Co.

Wilkes, J. This is a suit for rents, brought by Barnes Bros. against the Black Diamond Coal Co. for the months of March, April, May, June, July, and August, 1896, claimed under a lease contract. The Chancellor refused any relief. The Court of Chancery Appeals reversed the Chancellor and gave judgment for the amount claimed. The defendant coal company has appealed and assigned errors. .

The Court of Chancery Appeals find as a fact that the defendant leased the coal yard from the complainant for a term commencing April 1, 1895, and ending September 1, 1896, at a monthly rental of $30 per month. It is objected that the contract is voidable under the statute of frauds. The Court of Chancery Appeals report as a fact that the con-

tract, as a whole, was both oral and in writing and the terms are set out in letters between the parties. In addition, the statute of frauds was not pleaded, and this is fatal to it as a defense. *Citty* v. *Mfg. Co.*, 9 Pickle, 276.

It is next said a contract, under a by-law of the corporation, could not be made for a longer time than three months, without the approval of the board of directors. The Court of Chancery Appeals find as a fact that complainant had no knowledge of such by-law. In such case, being a third person or stranger to the corporation, complainant would not be affected by its by-laws. Thompson on Pri. Cor., Secs. 940, 942; *State* v. *Overton*, 24 N. J. L., 440; *Smith* v. *Bank*, 19 Johns., 115, 124. The contract in this case was made by the president of the corporation. It appears that the letter heads used in the correspondence about the lease contains this clause: "No contract is binding with the Black Diamond Coal Company until approved by the president." This appears to have been all the notice complainant had on this feature of the case.

It is next said the matter is *res judicata.*

It appears that previous to the present suit, complainant brought an action for the rents of December, 1895, and January and February, 1896, and recovered $90, or at the rate of $30 per month for the three months. The rents previous to December, 1895, were paid. It is insisted this is a bar to any further

action for the breach of this contract. The argument
is, that the contract is entire for the term, even
although the rental is so much per month, and, be-
ing an entire contract, there can be but one breach
and one recovery therefor. If the contract is an
entirety, and not divisible, it must follow, under the
authorities, that there can be but one breach and
one recovery. *Tarbox* v. *Hartenstien*, 4 Bax., 78;
*Railroad* v. *Staub*, 7 Lea, 397. A single cause of
action cannot be split in order that separate suits
may be brought for the various parts of what really
constitutes but one demand. 1 Enc. Pl. & Pr.,
pp. 148, 153. Taking judgment by mistake for a
less sum than due will not justify the plaintiff in
recovering the residue in another action. *Saddler* v.
*Apple*, 9 Hum., 342; 1 Enc. Pl. & Pr., 150, note;
*Thomason* v. *Rice*, 1 Shan., 70. As to when a con-
tract is entire and when it is divisible is a question
upon which there is a great confusion among the
cases. It is said, "Whether a contract is entire or
separable into several independent contracts depends
upon the intention of the parties, to be ascertained
from the language employed and the subject-matter
of the contract." 1 Enc. Pl. & Pr., pp. 150, 152,
note 1; *Pollak* v. *Brush Electric Association*, 128
U. S., 446; *Shinn* v. *Bodine*, 100 Am. Dec., 560;
*Huyett* v. *Chicago Co.*, 59 Am. St. Rep., 278, and
cases there cited. And, again, "Common sense must
be applied to each case rather than any technical
rules of construction." *Leonard* v. *Dyer*, 68 Am.

Dec., 382. The general test rule to determine whether a contract is divisible or entire is stated by Mr. Parsons thus: "If there are many parts of the contract, and some have been broken and others not, yet—as, if money was to be paid on the first of every month for two years, and one year has expired and nothing has been paid—the creditor may bring his action for one or more of all the sums due and recover accordingly, and may, when the others fall due and are unpaid, sue for them." 3 Parsons on Contracts (5th Ed.), 188, 189. To the same effect see *Huyett* v. *Chicago Co.*, 59 Am. St. Rep., note on page 279, where the authorities are cited and fully collated.

The distinction between the two classes of contracts is plainly stated in *Coleman* v. *Hudson*, 2 Sneed, 465, as follows: "In the former (entire contracts) the consideration is entire on both sides. It does not, either by its terms or the implied intention of the parties, contemplate or admit of apportionment upon a partial failure on either side, and the complete fulfillment of the contract by either is required as a condition precedent to the fulfillment of any part of the contract by the other. A severable contract is a contract the consideration of which, by its terms, is susceptible of apportionment or division. There is in such cases no entirety of consideration on either side constituting a condition of the agreement, and neither party can claim more

than an equivalent for the actual consideration on his part." Citing authorities.

"There is another class of cases noticed in some of the books, of a mixed nature, partaking of the character both of entire and severable contracts, and which may be considered as entire or several according to the circumstances of the particular case." Story on Contracts, Sec. 24.

It was held in the above case of *Coleman* v. *Hudson*, 2 Sneed, that a contract to deliver, for a price named therein, from one hundred to one hundred and fifty head of beef cattle, from February 1 to the last of July, in lots of twenty or more monthly, and all the hogs that are fed with the cattle, at the market price, was divisible into several contracts, as respects the remedy, for a breach of either of which a separate action would lie. As illustrating the rule, it is held that when a promissory note is payable in installments, an action may be maintained for each installment when it becomes due, and the statute of limitations begins to run from that time. *Bush* v. *Stowell*, 10 Am. Rep., 694. See, also, *Badger* v. *Titcomb*, 26 Am. Dec., 611–613; *Lorrillard* v. *Clyde*, 19 Am. St. Rep., 470. See, also, *Coleman* v. *Hudson*, 2 Sneed, 463. Installments of rent are subject to the same rule as installments of money due, and an action may be brought as each installment falls due. 1 Enc. Plead. & Prac., 155, note 3; *Steinkuhl* v. *Hardin*, Jackson, 1875; 1 King's Dig., p. 561; manuscript opinion.

The cases, it appears, however, are uniform in holding that contracts for personal services must be treated as entire and not divisible, and, hence, there can be but one breach and one recovery upon default, no matter if the wages are payable by installments or at stated periods. See the cases collated in 59 Am. St. Rep., 290. And in accord with this holding are our cases of *Hughes* v. *Cannon*, 1 Sneed, 622; *Tarbox* v. *Hartenstein*, 4 Bax., 78; *Railroad* v. *Staub*, 7 Lea, 397. Whether this distinction arises out of the nature of the contract or is based on some other ground, it is well recognized and enforced in cases where the holding would evidently be different if it were not a contract for personal services, and, whether based on sound reasons or not, we must recognize contracts for personal services as entireties. But in regard to rentals there is perhaps no more common form of contract than a rental by the year payable monthly, and it cannot on any sound reason be held that, if the tenant breaches the contract and abandons the premises, a suit for the first month's rent would bar recovery for subsequent months as they accrued.

We are of opinion, further, that the statute (Shannon, § 4620) is applicable to this case. It provides that "successive actions may be maintained on the same contract or transaction whenever, after the former action, a new cause of action arises therefrom." A new cause of action arises and becomes enforceable with every successive installment. It is

Barnes Bros. *v.* Coal Co.

not meant that a complainant can unnecessarily vex the defendant with successive small suits, for in such cases injunction will lie to prevent multiplicity of suits, and accordingly it is a well established rule that when an action is brought to collect installments it should include all then due, and that those then due constitute together but one cause of action, and some of the cases go to the extent that a recovery in one suit will bar a second action to recover other similar claims or installments that were due when the first was brought.   1 Enc. Plead. & Prac., p. 155, notes 2 and 3, and cases cited.

We are of opinion that there is no error in the decree of the Court of Chancery Appeals, and it is affirmed with costs.