CONSUMER CREDIT UNION,
Plaintiff/Appellee,

v.

Gemmia L. HITE, Defendant/Appellant.

Court of Appeals of Tennessee,
Western Section, at Knoxville.

Sept. 25, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 3, 1990.

Jim W. Stambaugh, Morristown, for defendant/appellant.

Jerry W. Laughlin, Greeneville, for plaintiff/appellee.

TOMLIN, Presiding Judge, Western Section.

Consumer Credit Union ("plaintiff") filed suit against Gemmia L. Hite ("defendant") in the Circuit Court of Hamblen County seeking to collect the unpaid balance of a promissory note secured by a guaranty agreement executed by defendant. Following a bench trial, the trial court rendered judgment against defendant in favor of plaintiff in the amount of $5,865.00. On appeal, defendant raises the following issues for our consideration: Did the trial court err in finding that (1) plaintiff's suit was not barred by the statute of limitations; (2) plaintiff's cause of action against defendant was not barred by laches; and (3) plaintiff was not estopped from asserting its cause of action. We find no error and affirm.

Most, if not all, of the material facts are undisputed. On August 2, 1982, plaintiff loaned Kathy S. Walker, defendant's daughter-in-law, the sum of $6,209.80 for the purchase of a new 1982 Datsun automobile. Ms. Walker executed a promissory note to plaintiff for the amount of the loan. The note was secured by a lien on the new car and was to be paid in weekly installments of $40 over a four-year period, beginning August, 1982. The note contained an acceleration clause which provided that "[w]hen you are in default, [plaintiff] can demand immediate payment of the entire amount you owe under this Plan without giving you advance notice."

As additional security, Ms. Walker prevailed upon defendant to execute a guaranty agreement in favor of plaintiff. The guaranty reads in pertinent part as follows:

When You Must Pay: If the customer fails to pay the debt when due you promise to pay the debt to the Credit Union upon demand. The Credit Union can demand that you pay the debt even if it does not try to collect from the Borrower and without enforcing any security interests the Borrower has given the Credit Union.

. . . .

No Notice Required: This guaranty remains in effect even though you are not given notice of the following:

(1) If the borrower fails to pay any amount due.

. . . .

Payments: The Credit Union has the right to apply payments by the Borrower to any of the Borrower's debts in any order the Credit Union elects.

You May be Sued: You may be sued for payment of the debt if the Borrower is in default and you do not pay the amount you have guaranteed.

. . . .

No Waiver of Rights: The Credit Union can delay enforcing any of its rights under this agreement without losing them.

Ms. Walker began making her weekly payments in August, 1982, and continued making them on a timely basis through January 6, 1983. She defaulted on the installment payment that was due on January 13, 1983. Plaintiff's records show that Ms. Walker made additional payments on the following dates:

| Date | Amount |
|---|---|
| 2/25/83 | $ 80.00 |
| 4/08/83 | 80.00 |
| 5/10/83 | 80.00 |
| 6/07/83 | 80.00 |
| 6/30/83 | 80.00 |
| 8/24/83 | 80.00 |
| 10/25/83 | 80.00 |
| 11/29/83 | 80.00 |
| 1/23/84 | 240.00 |
| 3/01/84 | 103.77 |
| 4/10/84 | 93.84 |
| 5/29/84 | 113.86 |
| 7/24/84 | 129.40 |
| 8/07/84 | $ 31.31 |
| 9/06/84 | 65.59 |
| 12/03/84 | 160.00 |
| 3/11/85 | 247.19 |
| 10/08/85 | 426.08 |
| 10/28/85 | 39.49 |
| 12/04/85 | 72.62 |
| 3/11/87 | 80.00 |
| 7/08/87 | 400.00 |
| 11/03/87 | 290.74 |
| 2/17/88 | 150.00 |
| Total | $3,283.89 |

Sometime in 1987, the 1982 Datsun was wrecked and declared a total loss. There were no insurance proceeds to be applied against the loan because the policy had been cancelled in 1986 and never reinstated. Plaintiff filed its suit against defendant on the guaranty agreement April 14, 1989.

## I. THE APPLICABLE STATUTE OF LIMITATIONS

Defendant contends that plaintiff's suit is barred by the six-year statute of limitations. In support of her position, defendant asserts that plaintiff's cause of action accrued on January 13, 1983, when Ms. Walker defaulted on the bi-monthly payment due on that date. Therefore, as plaintiff's suit was not filed until April 14, 1989, the six-year limitation bars plaintiff's suit. Defendant's position is without merit.

T.C.A. § 28–3–109 provides that actions on notes must be commenced within six years after the cause of action accrues or the action will be time barred. As it pertains to an installment note, the law is well settled that the cause of action accrues on each installment when it becomes due, and that the statutory period begins to run from that moment on that installment. In addition, a suit may be brought in successive actions upon each default in an installment for the amount of that defaulted installment. *Farmers & Merchants Bank v. Templeton,* 646 S.W.2d 920 (Tenn. App.1982), *citing Barnes Bros. v. Coal Co.,* 101 Tenn. 354, 47 S.W. 498 (1898). In matters of installment notes containing acceleration clauses, the cause of action as to future non-delinquent installments does not

accrue until the creditor chooses to take advantage of the clause and accelerate the balance. *Id.* at 923.

■ In the case at bar, Ms. Walker defaulted on her twenty-third installment, due January 13, 1983. Defendant neither alleged nor proved that plaintiff sought to accelerate the balance due under the note as provided therein due to Ms. Walker's default that date, or any subsequent date.

As shown above, subsequent to January 13, 1983, Ms. Walker made multiple periodic payments totaling $3,283.89. This amount when credited against the weekly installments upon which Ms. Walker defaulted is more than a sufficient amount to satisfy the installments due during the period January 13, 1983 through April 14, 1983. Plaintiff filed its suit on April 14, 1989 seeking only to recover those installments that became due subsequent to April 14, 1983. We find no error.

## II. LACHES

Defendant's contention that the trial court erred in failing to apply the doctrine of laches is also without merit. The doctrine of laches is well summarized in 11 Tenn. Jurisprudence, *Equity,* § 39 at p. 44:

> The two essential elements of laches are negligence and unexcused delay of the complainant in asserting his alleged claim and injury to rights of third persons intervening during and therefore on account of the delay. Thus, the determinative test as to laches, which may be available as a successful defense in an equitable action, is not the length of time that has elapsed, but whether the party relying on laches as a defense has been prejudiced by the delay. Ordinarily, laches will bar equitable remedies where delay works prejudice to a party, such as changed conditions in the premises, expenditure of money, change of value, and intervening rights. Factors to be considered with respect to the defense of laches are whether the defendant was prejudiced by the delay, whether evidence once available to the defendant is no longer available, and whether the defense has been lost by reason of the

delay. However, each case in which the defense of laches is interposed must be determined upon its own facts.

■ Laches is a defense peculiar to courts of equity, and the doctrine is usually applied where no statute of limitations governs. However, on occasion, the doctrine is applied to bar a stale claim prior to the statute of limitations; but it should be applied in such cases when there is gross laches in the prosecution of the claim. *Clark v. American National Bank & Trust Co.,* 531 S.W.2d 563 (Tenn.App.1974). This Court is of the opinion that the case at bar is not a proper case in which the doctrine of laches should be considered.

## III. EQUITABLE ESTOPPEL

■ Lastly, defendant contends that the trial court erred in holding that estoppel did not apply to the case under consideration. The elements of equitable estoppel are set out in *Callahan v. Town of Middleton,* 41 Tenn.App. 21, 292 S.W.2d 501 (1954):

> The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel they are (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially, 19 Am.Jur.Estoppel Sec. 42, pp. 642–643.

The doctrine is ordinarily applicable only to representations as to facts, either past or present. In the case at hand, there is neither an allegation nor proof by defendant that plaintiff made a false representation as to a past or present fact or con-

cealed material facts from defendant. We find this issue to be without merit also.

Accordingly, the judgment of the trial court is affirmed in all respects. Costs in this cause on appeal are taxed to defendant, for which execution may issue if necessary.

HIGHERS and FARMER, JJ., concur.