International Collection Services, Inc.,   )
  )
        Plaintiff/Appellant,   )    Appeal No.
  )    01-A-01-9702-CH-00072
v.   )
  )    Davidson Chancery
Virginia R. Bailey,   )    No. 95-2010-II
  )
        Defendant/Appellee.   )

**FILED**

**May 28, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

### COURT OF APPEALS OF TENNESSEE

### MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE CLAUDIA BONNYMAN, SPECIAL CHANCELLOR


MICHAEL A. WAGNER
Wagner, Nelson & Weeks
1418 First Tennessee Building
Chattanooga, Tennessee 37402
    ATTORNEY FOR PLAINTIFF/APPELLANT

MARK E. ADKINS
P.O. box 237
Murfreesboro, Tennessee 37133
    ATTORNEY FOR DEFENDANT/APPELLEE


AFFIRMED AND REMANDED


SAMUEL L. LEWIS, JUDGE

OPINION

This is an appeal by plaintiff/appellant, International Collection Services, Inc. ("ICS"), from the decision of the chancery court granting summary judgment in favor of defendant/appellee, Virginia R. Bailey. The facts out of which this matter arose are as follows.

## I. Facts and Procedural History

Ms. Bailey wished to purchase land in Texas. In order to do so, she executed a note in the amount of $39,350.00 payable to the Richard Gill Company and gave the Richard Gill Company a security interest in the property. The Richard Gill Company later assigned the note to Benjamin Franklin Savings Association ("BFSA"). Ms. Bailey failed to make the scheduled payments. BFSA foreclosed on the property and held a sale on 5 May 1987.

The Federal Home Loan Board ("Bank Board") appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as conservator of BFSA on 8 March 1989. The Bank Board then took numerous actions involving BFSA on 28 June 1989. These actions included: 1) it determined BFSA was still insolvent under federal law and replaced the conservator with the FSLIC as sole receiver for the purpose of liquidation; 2) it approved the organization of Benjamin Franklin Federal Savings Association ("New Federal"); 3) it approved an acquisition agreement whereby New Federal would purchase BFSA's assets; and 4) it appointed FSLIC as sole conservator for New Federal.

Congress enacted legislation on 9 August 1989 which caused the Resolution Trust Corporation ("RTC") to take over FSLIC. RTC began administering New Federal on 6 September 1991. ICS purchased the note from RTC on or near 29 October 1992.

On 28 June 1995, ICS filed an action against Ms. Bailey in the Davidson County Chancery Court for the deficiency balance on the note. ICS asked the court to enter judgment in ICS's favor in the amount of $23,299.39 as of 28 February 1993 plus accrued interest. Ms. Bailey responded and denied she owed ICS any money. She contended the foreclosure sale was unlawful and the Texas four year statute of limitations barred the claim.

Both parties filed motions for summary judgment. Ms. Bailey filed a brief in support of her motion and claimed the six year federal statute of limitations, United States Code title 12, section 1821(d)(14), had expired. In response, ICS alleged the federal statute provided that ICS could rely on either the six year federal limitations period or an applicable state limitations period. ICS then argued Tennessee Code Annotated section 28-2-111 applied to this case.

The court entered its final judgment on 11 October 1996. The order stated as follows:

> This matter was before the Court on cross-motions for summary judgment filed by the plaintiff, International Collections, Services, Inc., and by the defendant, Virginia R. Bailey.
> After careful consideration of the briefs filed by both parties and oral argument of counsel, the Court concludes that there are no genuine issues as to any material fact and that the defendant, Virginia R. Bailey, is entitled to summary judgment, dismissing the plaintiff's claim for funds due from the defendant on a promissory note after the sale of secured real property, since the plaintiff filed suit all applicable statutes of limitations had run. The cause is barred.
> The Court denies the plaintiff's motion for Summary Judgment.

As a result, the court granted Ms. Bailey's motion. ICS filed its notice of appeal on 23 October 1996 and a notice of no statement of the evidence or transcript to be filed on 30 October 1996. ICS listed numerous issues on appeal; however, these can be narrowed to only two. The first issue is whether the statutes of limitations, both federal and state, had run, and the second issue is whether the trial court erred in granting Ms. Bailey's motion for summary judgment and denying ICS's motion for summary judgment. Ms. Bailey also presented the issue of whether there is a genuine issue of material fact concerning the existence and the amount of any debt. Our discussion of ICS's first issue pretermits the remaining issues.

## II.    The Statute of Limitations

Our review of this case is dictated by the provisions of Rule 56 of the Tennessee Rules of Civil Procedure. Thus, we must determine, as did the trial court, whether there are any disputes as to material facts and whether the moving party is entitled to judgment as a matter of law. In doing so, we must discard all countervailing evidence and consider the evidence in the light most favorable to the nonmoving party. *See Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44-5 (Tenn.

App. 1993).

There were no disputed facts material to the statute of limitations issue. Thus, the only question left for this court is the legal issue of whether the statute of limitations had run. ICS claims neither the federal nor the state statute of limitations barred its action. Ms. Bailey, however, disagrees. It is her contention that ICS's claim is barred by both United States Code title 12 section 1821(d)(14) and Tennessee Code Annotated section 28-2-111.

## A.    Tennessee Code Annotated Section 28-2-111

Tennessee Code Annotated section 28-2-111(a) provides as follows: "Liens on realty, equitable or retained in favor of vendor on the face of the deed, also liens of mortgages, deeds of trust, and assignments of reality executed to secure debts, shall be barred, and the liens discharged, unless suits to enforce the same be brought within ten (10) years from the maturity of the debt." Tenn. Code Ann. § 28-2-111(a) (1980) (formerly codified as Tenn. Code Ann. § 8590 (1934) (Williams)). Clearly, this section does not apply to the present case. The Tennessee Supreme court has long recognized the distinction between an action to enforce a lien and an action to enforce the personal liability created by entering into a loan agreement. In 1944, the court stated:

> The lien and the personal liability were clearly recognized as independent, as this court has repeatedly held them to be. Either might be barred without affecting the other. The bar of this statute [Tenn. Code Ann. § 28-2-111] relates to the lien on the land only. . . .
>      . . . .
>      Summing up, we have found, first, that (1) the life of the liability,– the right to foreclose for the debt secured thereby, and (2) the life of the personal liability,– the right to enforce this liability for the debt evidenced thereby, are wholly independent rights. Second, that it follows that the time from which the limitation on the right to enforce the one is not governed by the maturity of the other. Third, that it is the bar of the mortgage lien which alone is prescribed by Code, Section 8590;[1] while it is Code, Section 8600,[2] which prescribes the bar of the personal obligation.[3]

---

[1] Currently codified at Tennessee Code Annotated section 28-2-111(a) (1980).

[2] Currently codified at Tennessee Code Annotated section 28-3-109 (1980).

[3] *Lawman v. Barnett*, 180 Tenn. 546, 563-65, 177 S.W.2d 121, 127-28 (Tenn.1944). There is a discrepancy between South Western Reporter Second Series and Tennessee Reports.

4

The facts here are that a previous holder executed the lien in May of 1987. Thus, there is no lien to enforce. Instead, the real cause of action is breach of contract; that is, Ms. Bailey breached the contract, the note, executed between her and ICS's predecessor in interest. This is an action to enforce a personal liability, not a lien.

The Tennessee statute of limitation applicable to this case is Tennessee Code Annotated section 28-3-109(a)(3). *See Lawman*, 180 Tenn. at 565, 177 S.W.2d at 128; *Consumer Credit Union v. Hite*, 801 S.W.2d 822, 824 (Tenn. App. 1990). That section provides as follows: "The following actions shall be commenced within the six (6) years after the cause of action accrued: . . . (3) Actions on contracts not otherwise expressly provided for." Tenn. Code Ann. § 28-3-109 (1980) (formerly codified as Tenn. Code Ann. § 8600 (1934) (Williams)). The cause of action in this case accrued when the holder of the note demanded payment in full upon Ms. Bailey's default, that is, some time prior to the foreclosure sale.[4] The sale occurred on 5 May 1987; thus, the statute of limitations ran at the very latest on 5 May 1993. Therefore, ICS's cause of action filed on 28 June 1995 was not timely under Tennessee Code Annotated section 28-3-109.

## B.    United States Code Title 12 Section 1821(d)(14)

ICS also relies on the statute of limitations found in United States Code title 12 section 1821(d)(14).[5] This section provides as follows:

---

The above quote cites code section 8600. This is the way the opinion reads in Tennessee Reports, but in South Western Reporter Second Series the quoted section cites code section 8601. It is the opinion of this court that Tennessee Reports is correct. In addition, we must note that this same error is found in a second portion of the opinion omitted in the above quote.

[4] *See Consumer Credit Union*, 801 S.W.2d at 824-25; *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn. App. 1982). The case law states: "We hold that in matters of installment notes containing acceleration clauses, the cause of action as to future non-delinquent installments does not accrue until the creditor chooses to take advantage of the clause and accelerate the balance." *Farmers & Merchants Bank*, 646 S.W.2d at 923. The facts of this case reveal the note was an installment note with an acceleration clause and the holder took advantage of the acceleration clause prior to initiating foreclosure proceedings.

[5] For the purposes of this analysis we will assume the federal statute applies to ICS. Clearly, section 1821 applies to RTC. The term Corporation is defined as the Federal Deposit Insurance Corporation ("FDIC"). 12 U.S.C. § 1811 (Supp. 1993). RTC and the former FSLIC are themselves corporations, but are under the exclusive control of the FDIC. Thus, section 1821 applies to them as well. *See id.* § 1441a(b)(4)(A) (Supp. 1993).

ICS, however, contends section 1821 applies to it based on the application of the common law principle that a transferee receives all of the rights held by the transferor to enforce

(A) In general

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be–

(i) in the case of any contract claim, the longer of–

(I) the 6-year period beginning on the date the claim accrues; or

(II) the period applicable under State law; and

. . . .

(B) Determination of the date on which a claim accrues

For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of–

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

12 U.S.C. § 1821(d)(14) (Supp. 1993). There are two questions which we must answer in order to determine whether the statute has run. The first is when did the cause of action accrue as defined in subparagraph (B).

There are three dates relevant to the determination of when the cause of action accrued. The parties agree the cause of action accrued for purposes of subparagraph (B)(ii) some time prior to the 5 May 1987 foreclosure sale. For the purposes of subparagraph (B)(i), it is ICS's contention that the cause of action accrued on 28 June 1989, the date the Bank Board appointed FSLIC as sole receiver of BFSA. To the contrary, Ms. Bailey argues the relevant date is 8 March 1989, the date the Bank Board appointed FSLIC as conservator of BFSA. It is the opinion of this court that the appropriate date given the plain language of subparagraph (B) is 8 March 1989. *See Resolution Trust Corp. v. Farmer*, 865 F. Supp. 1143, 1149 n.5 (E.D. Pa. 1994); *Resolution Trust Corp. v. Interstate Fed. Corp.*, 762 F. Supp. 905, 908 (D. Kan. 1991). Thus, the statute of limitations began to run pursuant to subparagraph (B) on 8 March 1989, the later of 5 May 1987 and 8 March 1989.

Given this finding the determination of which statute of limitations applies under subparagraph (A) is irrelevant. To explain, subparagraph (A) provides that the applicable statute of limitations shall be the longer of the six-year period beginning on the date the claim accrues or the period applicable under state law. In this case,

the obligation. Despite ICS's insistence, there is conflict among the various federal and state courts as to whether section 1821(d)(14) applies to RTC's assignees. *Compare Federal Fin. Co. v. Hall*, 108 F.3d 46, 49-50 (4th Cir. 1997), *with Cadle Co. v. 1007 Joint Venture*, 82 F.3d 102, 105 (5th Cir. 1996).

6

however, there is no need to make this determination because both statutes had run by the time ICS filed the claim. As stated above the six-year federal period began to run on 8 March 1989 and the state statute began to run on 5 May 1987. ICS filed its claim on 28 June 1995 more than six years after both of these dates.

## III.   Conclusion

There are no material factual disputes, and the law entitles Ms. Bailey to a judgment as a matter of law. ICS can not prevail because both the federal and state statute of limitations had expired. Thus, it follows that the chancery court did not err when it denied ICS's motion for summary judgment and granted Ms. Bailey's motion for summary judgment.

Therefore, it results that the judgment of the chancery court is affirmed, and the case is remanded to the chancery court for any further necessary proceedings. Costs on appeal are taxed to plaintiff/appellant, International Collection Services, Inc.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE