IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

**DOUGLAS BLAIR v. TRACEY M. NORRIS, ET EL.**

**Direct Appeal from the Chancery Court for Knox County**
**No. 138781-3    Sharon Bell, Chancellor**

---

**No. E1999-00836-COA-R3-CV - Decided May 17, 2000**

---

This is a suit wherein the Plaintiff Douglas Blair seeks a determination that he is the father of Dillon Michael Norris, born June 4, 1993, while the child's mother, Tracey M. Norris, was married to and living with Michael W. Norris. The Trial Court found that the suit was not timely filed as required by T.C.A. 36-2-304(b)(2)(A). Mr. Blair's appeal insists that under the doctrine of equitable estoppel the Trial Court's dismissal of his action was error. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Summary Judgment of the Chancery Court affirmed and remanded**

GODDARD, P.J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ. joined.

Jerrold L. Becker, Knoxville, Tennessee, for the appellant, Douglas Blair

J. Elaine Burke and Ricky A. W. Curtis, Knoxville, Tennessee, for the appellees, Tracey M. Norris and Michael W. Norris

**OPINION**

This is a suit by Douglas Blair, which seeks a declaration that he is the father of Dillon Michael Norris, born June 4, 1993, while the child's mother, Tracey M. Norris, was married to and living with Michael W. Norris. The suit was filed on May 27, 1998, almost five years after the birth of the child. The Trial Court sustained the Norrises motion to dismiss which, because affidavits were introduced by Mr. Blair and the Norrises, in effect became a motion for summary judgment, based upon T.C.A. 36-2-304(b)(2)(A), which provides the following:

If the mother was legally married and living with her husband at the time of conception and has remained together with that husband through the date a petition to establish parentage is filed and both the mother and her husband file a sworn answer stating that the husband is the father of the child, any action seeking to establish parentage must be brought within twelve (12) months of the birth of the child. In the event that an action is dismissed based upon the filing of such a sworn answer, the husband and wife who filed such sworn answer shall be estopped to deny paternity in any future action.

We affirm the judgment of the Trial Court.

Mr. Blair's affidavit,[1] which is in accordance with the allegations in his complaint, states the following:

Comes Douglas Blair and makes oath as follows:

1. That I am the plaintiff in the above-styled action brought to determine the parentage of Dillon Michael Norris, DOB 6-4-93.

2. That I am the biological father of Dillon Michael Norris.

3. That the mother of Dillon Michael Norris, the defendant Tracey M. Norris, and I had frequent sexual contact at or around the time of the conception of Dillon Michael Norris.

4. That the defendant has acknowledged to me on many occasions that Dillon Michael Norris is, in fact, my son. I have accepted Dillon Michael Norris as my son, have visited with him frequently, and have publicly acknowledged Dillon Michael Norris as my son.

Based upon the foregoing facts, Mr. Blair's appeal insists that the doctrine of estoppel requires reversal of the summary judgment.

---

[1]It should be noted that the affidavit makes no reference to any representations made by Mr. Norris.

The doctrine of equitable estoppel is set out in Mr. Blair's appellate brief, which cites the case of Consumer Credit Union v. Hite, 801 S.W.2d 822 (Tenn. Ct. App. 1990), and quotes from Callahan v. Town of Middleton, 41 Tenn. Ct. App. 21, 36, 292 SW.2d 501, 508, as follows:

> The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts.

Mr. Blair's brief, however, does not quote that portion of the opinion immediately following the above-quoted sentence:

> As related to the party claiming the estoppel they are (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially, 19 Am.Jur.Estoppel Sec. 42, pp. 642-643.

In response the Norrises contend that "the doctrine of equitable estoppel would not apply to paternity actions, as they are entirely statutory in nature." In support of this assertion they cite the case of Johnson By Johnson v. Wilbourn, 781 S.W.2d 857 (Tenn. Ct. App. 1989), which refused to apply the doctrine in an adoption suit (at page 861):

> A case very much in point, in which the chancellor likewise erred in decreeing an adoption based upon equitable maxims, is *St. Vincent's Infant Asylum v. Central Wisconsin Trust Co.*, 189 Wis. 483, 206 N.W. 921 (1926). In that case, St. Vincent's placed a four-year-old child with adoptive parents who advised St. Vincent's of their intent to adopt the child. Adoption papers were prepared, but there is no evidence that the adoption proceedings were carried out. After the child had lived with the adoptive parents for seven years, following the death of the second of the two parents, suit was filed seeking to procure for the child all the rights of an adoptive child. The trial court held that the child stood in the relation of an adoptive son of the deceased, disposing of the case upon the

equitable maxim that equity regards as done that which ought to have been done. In reversing, the Wisconsin Supreme Court stated:

> The error in so considering the case lies in overlooking the fact that adoption proceedings are wholly statutory and do not depend upon equitable principles.... In order to constitute one an adopted son of another, there must be judicial proceedings to that end conformably to the statute. Equity has no power to declare an adoption. *Id.* 206 N.W. at 922.

However, the estoppel asserted by Mr. Blair is not directed at the paternity proceeding, but rather at the statute of limitation, insisting that the Norrises are estoped to rely upon the statute.

In the case at bar there is nothing in the record to show that any representation was made by either of the Norrises to Mr. Blair relative to the statute in question, and indeed it is highly unlikely that any of the parties to this suit knew of such a statute.

However that may be, as already noted, there is nothing in the record to suggest that Mr. Blair was misled by any statements or actions of the Norrises relative to the statute.

Finally, we point out that should we sustain Mr. Blair's position and ultimately it be determined that Mr. Blair is indeed the father of the child, we would have the anomalous situation, under the present record, that insofar as Mrs. Norris is concerned Mr. Blair is the father and insofar as Mr. Norris is concerned Mr. Blair is not.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Blair and his surety.