IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 28, 2001Session

## STATE OF TENNESSEE, *ex rel*, PURLIE PAGE, v. RICARDO TRABAL

**Direct Appeal from the Circuit Court for Knox County**
**No. 78726     Hon. Bill Swann, Circuit Judge**

**FILED MAY 21, 2001**

**No. E2000-02738-COA-R3-CV**

This action to establish paternity was dismissed by the Trial Court on the grounds of estoppel and laches.  We reinstate the action and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Paul G. Summers, Attorney General and Reporter, and Stuart Wilson-Patton, Assistant Attorney General, Nashville, Tennessee, for Appellant, State of Tennessee, *ex rel*., Purlie Page.

Charles M. Torres, Knoxville, Tennessee, for Appellee, Ricardo Trabal.

**OPINION**

In this paternity case, the matter originated when the State of Georgia transmitted documents to the State of Tennessee requesting a determination of paternity by blood test, and seeking child support from the respondent, a Tennessee resident.  It was alleged that the child was conceived with a Georgia resident, Purlie Page, ("mother") while both parties were serving in the United States military at an overseas station.  The mother's affidavit alleges that during the time of conception, she had sex with no one except respondent, and that the child, was born in April 1989 in Germany.  The mother's affidavit explains that she was married to another man, Floyd Page, at the time the child was conceived, but  that she and her husband were separated, and that she was in

Germany and he was in North Carolina.  She further stated that her husband is unable to have children, and the mother's husband's affidavit states that he did not have sex with her at the time of the child's conception, and that he had previously had a vasectomy and was unable to father a child.

The mother's affidavit further states that respondent acknowledged the child as his daughter, and that her daughter resembles respondent, and that respondent has called, visited, and once brought a gift to the child.  The mother's husband's affidavit states that he has never claimed the child as his, but that she uses his last name because he at the time was married to the mother.

The record includes a Report of Birth Abroad, which was signed by the mother under oath and sent to the Department of State, to show that the child is a U.S. Citizen.   That Report names Page as the father, and lists his address as Germany.

Respondent filed an Answer, and admitted that he had sex with the mother while they were in the military and stationed in Germany, but that the mother was married to Floyd Page at the time of their relationship.  Respondent averred that he did not know whether he is the child's father or not, but demands strict proof thereof.  Respondent also raises the affirmative defenses of laches, unclean hands, fraud, and estoppel.

In this case the Referee heard  respondent's Motion to Dismiss, and dismissed the action, finding the mother's action "not appropriate" because she had represented the child to be her husband's for several years, and because they were still married, and have been providing for the child.  The Referee's Findings and Recommendations came before the Circuit Judge, who heard arguments without any proof, and affirmed the findings of the Referee.  He held that the mother was estopped by her sworn statement listing her husband as the child's father, and because her husband had held the child out to be his for eight years.  He also invoked the doctrine of laches in dismissing the suit.

The standard which this Court utilizes in reviewing a trial court's grant of a Motion to Dismiss, has been stated as follows:

> Our standard of review of a trial court's decision on a motion to dismiss under Rules 12.02(6) and 12.03, T.R.C.P. is well-settled.  We are to construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Our review of the lower court's legal conclusions is de novo with no presumption of correctness.

*Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999).

The Trial Court, in relying upon estoppel to bar this action, did not designate the estoppel as judicial or equitable.  We conclude the doctrine of judicial estoppel does not apply to this case.  This doctrine has been defined as preventing a party from gaining an unfair advantage by

taking inconsistent positions on the same issue in different lawsuits. *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995). Moreover, the party "is entitled to explain that the statement was inadvertent or inconsiderate or represents a mistake of law." *State ex rel. Scott v. Brown*, 937 S.W.2d 934 (Tenn. Ct. App. 1996). *Also see Decatur County Bank v. Duck*, 969 S.W.2d 393 (Tenn. Ct. App. 1997). For equitable estoppel to apply, it must be shown that the conduct amounts to a false representation or concealment of material facts, an intention or expectation that such conduct will be acted upon by the other party, and the knowledge, actual or constructive, of the real facts. *Consumer Credit Union v. Hite*, 801 S.W.2d 822 (Tenn. Ct. App. 1990). Further, respondent must show that he lacked knowledge of the true facts, and that he relied upon the mother's conduct, and was prejudiced thereby. *Id.*

In this case, the false representation was set forth in the Report of Birth Abroad. There has been no showing, however, that the mother intended or expected that this false statement would cause respondent to take any action, and further there has been no showing that respondent relied upon this Report to his prejudice. In fact, there is no showing that respondent knew about the Report until the report was filed with this action. Respondent has not shown that he has changed his position to his prejudice based upon that Report, and thus equitable estoppel does not apply.

The Referee, as affirmed by the Trial Court, found that the child had been held out by the wife's husband as his child for eight years. This finding is not supported by the record. In fact, the husband's affidavit states that he has never claimed that the child is his. Finally, the Trial Court relied on laches. Laches has been defined as "neglect or omission to assert a right which, taken in conjunction with a lapse of time, causes prejudice to the adverse party." *Shell v. Law*, 935 S.W.2d 402 (Tenn. Ct. App. 1996). In order for the mother's action to be barred by laches, there must be a showing of negligence and unexcused delay. *Dietz v. Keith*, 2000 WL 472870 (Tenn. Ct. App. April 24, 2000). Also, there must be more than mere delay. Prejudice to the other party due to the lapse of time is the key factor to be considered, not the length of time which has elapsed. *Murphy v. Emery*, 629 S.W.2d 895 (Tenn. 1982); *Balentine v. White*, 1996 WL 578481 (Tenn. Ct. App. Oct. 9, 1996).

This Court has rejected the laches defense in paternity cases where the defendant has claimed that his child support payments will be higher due to the delay in filing, where the defendant has claimed to be prejudiced by the delay because he erroneously assumed that he was not the father and thus taken on financial obligations, and where the defendant was unable to obtain medical proof of the timing of his vasectomy because of the passage of time. *Hickerson v. Finchum*, 1997 WL 21189 (Tenn. Ct. App. Jan. 22, 1997); *Balentine v. White*, 1996 WL 578481 (Tenn. Ct. App. Oct. 9, 1996); *Townsend v. Thompson*, 1992 WL 69617 (Tenn. Ct. App. April 8, 1992).

In this case, respondent has not demonstrated any prejudice by the mother's delay in filing suit. He argues that he has since married and had other children, but there is no proof that he did this in reliance on the mother's failure to file an action seeking child support. Moreover, similar arguments have already been rejected by this Court, as referenced above. Respondent also argues that the witnesses might now be unavailable, but this is rather immaterial given the fact that

respondent admits to a sexual relationship with the mother, and since genetic testing can determine whether he is actually the child's father. Absent a showing of prejudice "of the kind contemplated by law", there is no basis to invoke laches. *See Hickerson v. Finchum*, 1997 WL 21189 (Tenn. Ct. App. Jan. 22, 1997). We also note that an action to establish paternity can be filed until three years beyond the child's age of majority. Tenn. Code Ann. §36-2-306. We find the Trial Court erred in holding that the mother's action was barred by laches.

The Trial Court failed to construe the complaint as required by law, but instead, assumed facts which are not supported by the record. Accordingly, we reverse the Trial Court's judgment dismissing this action and reinstate the same for trial.

We note that the Court is required to order genetic testing in this paternity case, pursuant to Tenn. Code Ann. §24-7-112. *See Granderson v. Hicks*, 1998 WL 886559 (Tenn. Ct. App. Dec. 17, 1998). Moreover, while the mother is married to another, the statutory law and our decisions have consistently held that the presumption of legitimacy of a child born to a married woman may be rebutted. Tenn. Code Ann. §36-2-304; *Shell v. Law*, 935 S.W.2d 402 (Tenn. Ct. App. 1996).

We remand to the Trial Court to determine paternity in this case.

The cost of the appeal is assessed to respondent, Ricardo Trabal.

_____
HERSCHEL PICKENS FRANKS, J.