IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 11, 2005 Session

## GLORIA MASTILIR v. THE NEW SHELBY DODGE, INC.

Direct Appeal from the Circuit Court for Shelby County
No. CT-000713-04     Donna Fields, Judge

No. W2005-00483-COA-R3-CV - Filed November 9, 2005

Plaintiff Gloria Mastilir filed a tort action against Defendant The New Shelby Dodge arising from the Defendant's alleged faulty repair of Plaintiff's motor home. Plaintiff subsequently took a voluntary non-suit and later failed to refile her action within the one-year savings statute under Tenn. Code Ann. § 28-1-105. As a result, the general sessions court and circuit court held that Plaintiff's suit was barred by the statute of limitations. Plaintiff appeals arguing that the lower courts erred in not finding that Defendant was equitably estopped from raising the statute of limitation defense and also asserts that Defendant revived Plaintiff's suit by promising to repair or pay for repairs to Plaintiffs vehicle. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Gerald S. Green, Memphis, Tennessee, for the appellant, Gloria Mastilir.

Roane Waring, III, Memphis, Tennessee, for the appellee, The New Shelby Dodge, Inc.

**MEMORANDUM OPINION**[1]

---

[1]RULE 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This case arises from the alleged negligent repair of Gloria Mastilir's ("Plaintiff") motor home and the alleged subsequent promises of The New Shelby Dodge ("Defendant") to remedy problems caused by the faulty repair of Plaintiff's 1977 Chrysler motor home. On February 18, 2000, Plaintiff filed a complaint in the Circuit Court of Shelby County, Tennessee, alleging fraud and negligent repair. Plaintiff subsequently took a voluntary non-suit on March 5, 2001. Plaintiff asserts that she took the non-suit because Defendant stated that it intended to settle the claim without resort to litigation. However, in the two years that followed, the parties took little action to settle the matter. Shortly after discovering that Defendant did not intend to settle the case as Plaintiff previously believed, Plaintiff re-filed her suit on March 21, 2003, in the General Sessions Court of Shelby County, Tennessee. Defendant filed a Motion to Dismiss the action on September 22, 2003, arguing that the action was barred by the one-year savings statute under Tenn. Code Ann. § 28-1-105. Plaintiff responded by arguing that Defendant was equitably estopped from pleading the statute of limitations because Plaintiff had relied upon Defendant's statement that it wished to settle the action, and thus "never believed that another action needed to be filed to bring this action to a satisfactory conclusion." Furthermore, Plaintiff asserted that Defendant revived Plaintiff's cause of action by making promises to repair or pay for the repair of Plaintiff's vehicle. The court granted Defendant's motion on January 21, 2004.

On January 28, 2004, Plaintiff appealed the general sessions ruling to the Circuit Court of Shelby County arguing that the general sessions court had improperly decided the issue of equitable estoppel and failed to consider that a new promise or expectancy had been created when defense counsel said that the matter could be settled. Defendant filed a Motion for Summary Judgment, along with a Statement of Undisputed Facts, on February 25, 2004, arguing that Plaintiff had filed her cause of action outside the applicable statute of limitations. Plaintiff once again responded by asserting equitable estoppel against Defendant's statute of limitations defense and again argued that Defendant had revived Plaintiff's cause of action by promising to repair or pay for repairs to Plaintiff's vehicle. The court granted Defendant's motion on January 20, 2005. Plaintiff appealed. We affirm.

### Issues on Appeal

We construe the issues on appeal to be whether the circuit court erred in granting summary judgment on the grounds that Plaintiff's refiling of her lawsuit fell outside the Tennessee statutes of limitation enumerated in Tenn. Code Ann. §28-1-105 and that no genuine issue of material fact exists to equitably estop the application of the statute; and whether the circuit court erred in not recognizing Plaintiff's claim of revival.

### Standard of Review

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. Tenn.

R. Civ. P. 56.04 (2005); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). Specifically, the moving party must affirmatively negate an essential element of the nonmoving party's claim or conclusively establish an affirmative defense. *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should then award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

*Analysis*

Section 28-1-105(a) of the Tennessee Code states:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives or privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

It is undisputed in this case that the Plaintiff failed to refile her lawsuit until two years after the entry of her voluntary non-suit. However, Plaintiff argues that she is not barred by section 28-1-105 because certain statements and actions on the part of Defendant serve to equitably estop Defendant's assertion of this defense. Plaintiff also asserts that the undisputed facts show that Defendant revived Plaintiff's claims by promising to repair or pay for the repair of Plaintiff's vehicle. We disagree.

*Equitable Estoppel*

Under Tennessee law, estoppel is not favored and it is the burden of the party seeking to invoke the doctrine to prove each and every element. *Robinson v. Tenn. Farmers Mut. Ins. Co.*, 857 S.W.2d 559, 563 (Tenn. Ct. App. 1993); *Bokor v. Holder*, 722 S.W.2d 676, 680 (Tenn. Ct. App. 1986). This Court set forth the elements of equitable estoppel in *Consumer Credit Union v. Hite*, 801 S.W.2d 822 (Tenn. Ct. App. 1990), as follows:

The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel they are (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially. (citations omitted).

*Hite*, 801 S.W.2d at 825 (citing *Callahan v. Town of Middleton*, 292 S.W.2d 501 (Tenn. Ct. App. 1954)).

"[E]quitable estoppel may be applied to prevent a defendant who has actively induced a plaintiff to delay filing suit from asserting a statute of limitations defense." *Hardcastle v. Harris*, 170 S.W.3d 67, 84 (Tenn. Ct. App. 2004). However, in determining whether to allow the invocation of equitable estoppel, courts must "examine the facts and circumstances of the particular case . . . to determine whether the defendant's conduct is sufficiently unfair or misleading to outweigh the public policy favoring statutes of limitations." *Id.* at 85 (citations omitted). Specifically, courts must focus "on the defendant's conduct and the reasonableness of the plaintiff's reliance on that conduct." *Id.* (citations omitted). To prevail, a "plaintiff must identify specific promises, inducements, representations, or assurances by the defendant that reasonably induced the plaintiff to delay filing," because evidence of mere vague statements or other ambiguous conduct by a defendant will not suffice. *Id.* (citations omitted). Furthermore, "plaintiffs must also demonstrate that their delay in filing suit was not attributable to their own lack of diligence . . . and that the delay was not unreasonably prolonged." *Id.* (citations omitted).

In the case at bar, we find that Plaintiff has failed to set forth necessary facts supporting the imposition of equitable estoppel. Specifically, we find that Plaintiff has failed to identify and assert any promises or other representations on the part of Defendant which are sufficiently unfair or misleading as to outweigh the public policy favoring statutes of limitations. Instead, the undisputed facts show that Defendant merely expressed an interest in attempting to negotiate a settlement with Plaintiff rather than resorting to future litigation. Defendant at no time promised that a settlement would in fact be reached and also never promised not to invoke the statute of limitations during any negotiation period. During the subsequent two-year period between Plaintiff's nonsuit and the refiling of this action, Plaintiff failed to provide Defendant with written estimates of her damages and neither the parties nor their representatives ever entered into any formal settlement negotiations. As a result, no actual settlement offer was ever made. Upon review of the evidence presented, the trial court found Plaintiff's equitable estoppel argument to be without merit. We agree.

*Revival*

Tennessee courts recognize "that a defendant may revive a plaintiff's remedy that has been barred by the statute of limitations either by expressly promising to pay the debt or by acknowledging the debt and expressing a willingness to pay it." *Swett v. Binkley*, 104 S.W.3d 64, 68 (Tenn. Ct. App. 2002) (citation omitted). However, in order to establish revival, a plaintiff must show that a defendant made a promise or acknowledged a continuing obligation to the plaintiff. *Ingram v. Earthman*, 993 S.W.2d 611, 634 (Tenn. Ct. App. 1998) (citations omitted). Furthermore, such acknowledgment must be made "directly to the plaintiff or someone standing in such a close relationship with the plaintiff that it is reasonable to infer that the defendant's statements will reach the plaintiff." *Id.* (citations omitted). Plaintiffs establishing the revival exception must file suit within "the applicable limitations period measured from when the conduct constituting the revival occurred." *Id.* (citations omitted).

In this case, we find that the undisputed facts fail to support Plaintiff's claim of revival. Although Plaintiff, in her brief, asserts that "Defendant either acknowledged that it had not repaired . . . Plaintiff's vehicle properly or its intention to enter into an amicable arrangement to repair . . . Plaintiff's vehicle," she cites no facts in the record indicating exactly what statements by Defendant, if any, constituted an acknowledgment of an obligation to the Plaintiff. Furthermore, Plaintiff has also failed to cite to any facts, disputed or undisputed, in the record indicating when or to whom any such statements were made. As a result, we find Plaintiff's argument to be without merit.

**Conclusion**

Based upon the foregoing, we hereby affirm the circuit court's findings in all regards. Costs of this appeal are taxed to Appellant, Gloria Mastilir, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE