IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2012 Session

## COMMERCIAL BANK, INC. v. RAYMOND E. LACY

**Direct Appeal from the Chancery Court for Knox County**
**No. 178832-1     Michael W. Moyers, Chancellor**

_____

**No. E2011-01491-COA-R3-CV-FILED-MARCH 14, 2012**

_____

This appeal results from the grant of summary judgment in favor of Appellee bank. Appellant defaulted on promissory notes executed in favor of Appellee, resulting in a foreclosure sale. After the sale, a foreclosure deficiency existed. The trial court granted summary judgment in favor of the bank, awarding deficiency damages including amounts for unpaid taxes on the property. Appellant appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Cynthia L. Wagner, Knoxville, Tennessee, for the appellant, Raymond E. Lacy.

J. Calvin Ward and Lindy D. Harris, Knoxville, Tennessee, for the appellee, Commercial Bank, Inc.

## OPINION

On or about March 17, 2010, Appellant Raymond E. Lacy executed a promissory note in favor of Appellee Commercial Bank in the original principal amount of $112,500.00. Contemporaneous with the execution of the promissory note, Mr. Lacy executed a deed of trust in favor of Commercial Bank, which conveyed certain real property located in Knox County to Dennis Mike Robertson, as Trustee for Commercial Bank, to secure payment of the loan. This deed of trust was recorded in the Knox County Register of Deeds Office as Instrument Number 200603170077875.

Mr. Lacy subsequently defaulted on the payment of the promissory note. As a result, Commercial Bank, by and through Mr. Robertson (as Trustee), conducted a foreclosure sale

of the real estate on August 25, 2010. Commercial Bank purchased the real property at the sale for the sum of $90,000.00. The Trustee's Deed evidencing this transaction is recorded in the Knox County Register of Deeds Office as Instrument Number 201008250011685.

On or about December 1, 2009, Mr. Lacy executed a separate promissory note, disclosure, and security agreement in favor of Commercial Bank, evidencing a loan in the principal amount of $9,352.74. Mr. Lacy subsequently became delinquent in the repayment of this transaction as well.

On September 29, 2010, Commercial Bank filed a complaint against Mr. Lacy in the Chancery Court for Knox County, alleging, *inter alia*, that Mr. Lacy had defaulted on the payment of both of the promissory notes executed in favor of Commercial Bank. The complaint, which was filed after the foreclosure sale, indicated that the proceeds realized from the foreclosure sale were applied to the real estate loan, but that, as of September 16, 2010, the total amount still owed on the promissory note was $38,218.24, with interest accruing at a rate of $6.71 *per diem* from that date. In addition, the complaint averred that Mr. Lacy had also defaulted on the December, 2009 promissory note. As of September 16, 2010, the total amount due on this promissory note was $4,388.59, with interest accruing at a rate of $0.99 *per diem* from that date. The complaint specifically couches Mr. Lacy's default as a breach of contract:

> Pursuant to the terms of the loan documents described above, Mr. Lacy is liable for the above-referenced loan balances. Demand has been made upon Mr. Lacy for payment of the amounts due; however, no arrangements have been made in that regard. The failure of Mr. Lacy to timely remit payment as required pursuant to the terms of the loan documents constitutes a breach of contract pursuant to Tennessee Law.

On November 11, 2010, Mr. Lacy filed an answer and, concurrent therewith, a motion to dismiss. Commercial Bank responded on February 2, 2011. On the morning of the scheduled hearing, Mr. Lacy voluntarily withdrew his motion to dismiss. On March 15, 2011, Commercial Bank filed a motion for summary judgment on grounds that the undisputed facts showed that Mr. Lacy executed the two promissory notes, that he defaulted on the payment of the promissory notes, and that the property pledged as collateral pursuant to the deed of trust was foreclosed upon and that a deficiency balance was owed. In addition, the complaint stated that the remaining balance on the December 2009 promissory note, plus interest thereon, was also due. On May 10, 2011, Mr. Lacy filed his response to the motion for summary judgment, asserting two main arguments as defenses to liability: (1) that the foreclosure sale price was "materially less" than the fair market value of the property;

and (2) that because the property was sold at a foreclosure sale subject to unpaid real property taxes, Commercial Bank could not include the amount of said taxes (which Commercial Bank had paid subsequent to the foreclosure sale) in the amount of the deficiency sought.

The motion for summary judgment was heard on May 16, 2011. On June 8, 2011, the trial court entered its order granting Commercial Bank's motion for summary judgment. The order states, in relevant part, that:

> [T]he Court finding that there was no dispute of material fact at issue in this litigation and that the Defendant had submitted no additional facts in dispute, and the Court having further found that there was no evidence before it establishing that the amounts sought to be recovered in this cause are in any way impacted by the foreclosure sale price or the real property taxes paid subsequent to the foreclosure sale, the Court was of the opinion that Commercial Bank, Inc. was entitled to judgment as a matter of law.

Based upon the foregoing findings, the trial court entered judgment in favor of Commercial Bank in the total amount of $52,194.11, which included $7,722.92 in attorney's fees, and $44,471.19 in damages, including "damages attributable to the Defendant's breach of contract as it relates to certain real property taxes paid by Commercial Bank, Inc. after the foreclosure sale." Post-judgment interest was awarded at a rate of ten percent *per annum*.

Mr. Lacy appeals, raising two issues for review as stated in his brief:

> 1. Whether the trial court erred in not taking the material facts raised by Lacy, as the non-moving party, as admitted, at least for the purposes of the motion for summary judgment, when the Bank failed to respond thereto and failed to move for additional time to respond thereto.

> 2. The trial court erred in the calculation of the amount of the judgment by including the amount of unpaid taxes in determining the deficiency balance owed by Lacy even though the property was expressly sold subject to such taxes.

Because this case was adjudicated by summary judgment, we first note that a trial court's decision on a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness afforded to the trial court's

determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). "This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied." ***Mathews Partners, L.L.C. v. Lemme***, No. M2008-01036-COA-R3-CV, 2009 WL 3172134, at *3 (citing ***Hunter v. Brown***, 955 S.W.2d 49, 50–51 (Tenn. 1977)).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. ***Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1, 8–9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." ***Id***. at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." ***Id***. at 5 (citing ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." ***Mathews Partners***, 2009 WL 3172134, at *3 (citing ***Byrd***, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." ***Id***. "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Landry v. South Cumberland Amoco, et al.***, No. E2009-01354-COA-R3-CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010) (citing ***Carvell v. Bottoms***, 900 S.W.2d 23 (Tenn. 1995)). However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. As stated by our Supreme Court in ***Evco Corp. v. Ross***, 528 S.W.2d 20 (Tenn. 1975):

The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id*. at 24–25.

Although Mr. Lacy executed two promissory notes in favor of Commercial Bank, and the trial court awarded damages for breach of both promissory notes, the issues raised by Mr. Lacy specifically involve the breach of the March 17, 2010 promissory note and the amount of the deficiency judgment entered thereon. In Tennessee, it is well settled that, when a foreclosure sale of real property secured by a deed of trust fails to satisfy an indebtedness, the creditor may recover a "deficiency judgment in an amount sufficient to satisfy fully the indebtedness." Tenn. Code Ann. §35-5-118(a). Absent fraud, collusion, misconduct, or irregularity in the foreclosure sale (which are not averred in the instant case), "the deficiency judgment shall be for the total amount of indebtedness prior to the sale plus the costs of the foreclosure and sale, less the fair market value of the property at the time of the sale." Tenn. Code Ann. §35-5-118(b). In such cases, "[t]he creditor shall be entitled to a rebuttable prima facie presumption that the sale price of the property is equal to the fair market value of the property at the time of the sale." Tenn. Code Ann. §35-5-118(b); *see Duke v. Daniels*, 660 S.W.2d 793, 795 (Tenn. Ct. App. 1983). If a defendant raises gross inadequacy of the foreclosure price as a defense to the deficiency claim, the defendant "must prove by a preponderance of the evidence that the property sold for an amount materially less than the fair market value of property at the time of the foreclosure sale." Tenn. Code Ann. §35-5-118(c); *see also Lost Mountain Dev. Co. v. King*, No. M2004-02663-COA-R3-CV, 2006 WL 3740791, at *8 (Tenn. Ct. App. Dec. 19, 2006) ("[T]he issue in deficiency actions is the fair market value of the property at the time it was sold.").

Mr. Lacy's first issue, as discussed in his brief, specifically involves the question of whether Mr. Lacy submitted sufficient evidence to rebut the presumption that the price attained at the foreclosure sale was the fair market value of the property. Tenn. Code Ann. § 35-5-118(b). However, at oral argument, Mr. Lacy's attorney specifically waived this issue. Our independent review of the record indicates that Mr. Lacy did not produce evidence sufficient to rebut the presumption that the foreclosure price was the fair market value.

Concerning other material facts that may be in dispute, our review of the record indicates that the facts raised by Mr. Lacy in his Affidavit and in his response to the motion for summary judgment are immaterial and, therefore, insufficient to establish a genuine issue of material fact. It is well settled that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine issue of material fact**." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2205 (1986) (emphasis added). From the record as a whole, we cannot conclude that the trial court erred in finding that there was no dispute of material fact in this case. Because there is no dispute concerning the fact that Mr. Lacy failed to pay both promissory notes, and no dispute concerning the sale price attained at the foreclosure sale, it is clear that Commercial Bank is entitled to judgment as a matter of law. The only remaining question is whether the amount of the judgment is correct.

Concerning the amount of judgment, Mr. Lacy asserts that he is not liable for sums that Commercial Bank paid in order to satisfy delinquent real property taxes (although there is no dispute that these taxes were due and owing on the property). Specifically, Mr. Lacy points to the Trustee's deed, which conveys the property "subject to any unpaid property taxes." Based upon this language, Mr. Lacy contends that the trial court "erred in calculating the amount of the judgment by including the amount of unpaid taxes in determining the deficiency balance . . . ." As set out above, the judgment of the trial court expressly states that the judgment in the total amount of $52,194.11 includes "damages attributable to Defendant's breach of contract as it relates to certain real property taxes paid by Commercial Bank . . . after the foreclosure sale."

The March 17, 2010 promissory note expressly states that "[t]he undersigned shall pay the holder hereof, upon demand, all expenses and costs. . . that the holder hereof incurs. . .in protecting the collateral encumbered by the Security Documents[.]" Mr. Lacy's undisputed failure to pay the property taxes as they became due constituted a breach of contract between the parties. That failure caused Commercial Bank to incur the expense of paying the taxes in order to protect the collateral. The loan documents executed by the parties make it clear that Mr. Lacy is not entitled to a credit of $10,859.03 for the taxes that he was contractually obligated to pay. Moreover, the deed of trust securing the March 17, 2010 promissory note requires Mr. Lacy to "keep all taxes on the within conveyed property paid promptly as they [become] due[.]" The deed further provides that, "[s]hould [Mr. Lacy] fail to pay such taxes . . . [Commercial Bank] may pay any such taxes . . . and any amount so advanced shall be fully protected by this deed of trust." Because Mr. Lacy expressly agreed to pay the taxes on the property "as they [became] due," his failure to do so was a clear breach of contract.

Although Commercial Bank acknowledges, in its brief, that the Trustee's deed, on which Mr. Lacy bases his argument that he is not liable for property taxes, provides that the

property was conveyed subject to any unpaid property taxes, it is clear that this provision in the Trustee's deed does not invalidate his contractual responsibilities . As discussed above, Mr. Lacy clearly breached the terms of the March 17, 2010 promissory note and the accompanying deed of trust, to which he was a party.

In conclusion, Mr. Lacy has failed to set forth any disputed material facts in this matter. The undisputed facts set forth in this record clearly establish liability on the part of Mr. Lacy for breach of the promissory notes and deed of trust. Because the loan documents provide for recovery of property taxes, the trial court did not err in awarding reimbursement of the amount of property taxes paid as part of the total judgment.

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant, Raymond E. Lacy, and his surety.

_____
J. STEVEN STAFFORD, JUDGE