IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2019 Session

## DEUTSCHE BANK NATIONAL TRUST COMPANY v. STACY LEE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17-C-162          Kelvin D. Jones, Judge**
———————————————————

**No. M2018-01479-COA-R3-CV**
———————————————————

This appeal arises from an action for default on a promissory note. Approximately eight and a half years after the debtors stopped making monthly payments under an installment note, the creditor filed suit for missed monthly payments going back six years from the date of the filing of the complaint, as well as for future installments and the final payment that were to become due under the terms of the note. The debtors asserted that the debt, or some portion thereof, was time-barred. As a result, the debtors raised the statute of limitations as a defense and filed a counterclaim, alleging that the creditor violated the Fair Debt Collection Practices Act and the Tennessee Consumer Protection Act by seeking a judgment on a time-barred debt. The creditor moved for summary judgment on all issues. The trial court granted the motion, concluding that the amounts that the creditor sought are not barred by the statute of limitations and that the undisputed material facts established the creditor's claim against the debtor as a matter of law. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and RICHARD H. DINKINS, J., joined.

Jason S. Mangrum, Brentwood, Tennessee, for the appellants, Stacy Lee and Janice Lee.

Robert Thomas Lieber, Jr., Brentwood, Tennessee, for the appellees, Deutsche Bank National Trust Company, Franklin Credit Management Corporation, and Mackie Wolf Zientz & Mann, P.C.

**OPINION**

On January 20, 2006, Stacy and Janice Lee (the "Lees") executed a promissory note (the "Note") in exchange for a loan. Deutsche Bank National Trust Company, as

certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank"), assumed ownership of the underlying debt and became payee under the Note via an allonge.

The Note, which has a date of maturity of February 1, 2021, requires the Lees to make monthly payments until that date, as well as a final "balloon payment" on that date, to pay off the full amount of the Note's principal and interest. However, the Lees have not made a payment since 2008.[1] The Note sets forth that failure to make a monthly payment constitutes default, and, in the event of default, the holder of the Note may accelerate payment of the Note by demanding that the full amount of the unpaid principal and interest be paid immediately. The Note permits acceleration of payment thirty days after giving notice of default.

Franklin Credit Management Corporation ("Franklin Credit"), servicer for Deutsche Bank, sent a notice of default letter to the Lees on August 15, 2016. The letter stated that the unpaid principal balance on the Note was $59,010.66 and that the accrued interest to date was $33,188.11. The letter also requested that the Lees immediately contact Franklin Credit to make payment on the total outstanding amount of $92,198.77. The letter expressly indicated that time-barred amounts were not being sought.[2]

Over three months later, Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf"), attorneys for Franklin Credit, sent separate letters to the Lees, again giving notice of default, as well as accelerating the balance due under the Note and demanding payment of $92,198.77.[3] The letters indicated that the total balance owed may increase due to accrued interest and other charges. Although Deutsche Bank would have been entitled to late fees pursuant to the terms of the Note, no demand was made for any late fees.

Having not received payment from the Lees upon demand, Deutsche Bank initiated this lawsuit on January 20, 2017, asserting claims of breach of contract and unjust enrichment against the Lees. The Lees filed an answer, disputing the amount owed and asserting the six-year statute of limitations as a defense. The Lees also filed a

---

[1] The parties disagree on the exact date of the Lees' last payment. The Lees contend it was April 2008, whereas Deutsche Bank contends it was June 2008.

[2] The letter specifically stated as follows: "*Please note that the above amounts do not include any monies that are barred by a statutory limitation period. All amounts reflect monies and installment payments that are still due and owing."

[3] A letter was sent to Janice Lee on December 14, 2016, and a letter was sent to Stacy Lee on December 21, 2016.

counterclaim against Deutsche Bank,[4] arguing that Deutsche Bank violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 to -131, by attempting to collect time-barred debts.

Deutsche Bank moved for summary judgment on June 12, 2017, arguing that the monthly-installment nature of the Note makes it such that a new cause of action for default on a payment accrues each month that a payment is missed. Accordingly, Deutsche Bank argued that it was entitled to missed monthly payments going back six years from the date Deutsche Bank filed its complaint. Additionally, Deutsche Bank argued that it was entitled to the future monthly payments through the date of maturity and the final balloon payment as permitted by the acceleration clause.[5] Further, Deutsche Bank argued that it did not violate the FDCPA or TCPA by attempting to collect on time-barred debts by seeking a judgment for installments that became due more than six years earlier. Along with its motion, Deutsche Bank filed a statement of undisputed material facts as required by Tenn. R. Civ. P. 56.03. However, Deutsche Bank did not support each fact in its statement by citation to the record, which Tenn. R. Civ. P. 56.03 requires.

The Lees filed a response to the motion on September 1, 2017; however, the Lees' statement of disputed facts, like that of Deutsche Bank, failed to sufficiently cite to the record. In their response to the motion, the Lees argued that the trial court should deny the motion for failure to comply with Tenn. R. Civ. P. 56.03. The Lees also made alternative arguments as to why Deutsche Bank sought to collect on time-barred debts, which the Lees argued would deny relief to Deutsche Bank based on the statute of limitations and constitute violations of the FDCPA and TCPA. First, the Lees disagreed with Deutsche Bank's theory regarding accrual of causes of action, instead arguing that, because the Lees' last payment was in 2008, the entire debt is time-barred. Second, the Lees argued that, even under Deutsche Bank's theory, Deutsche Bank was seeking at least some amount that is time-barred because Deutsche Bank sought the same amount in the notice of default letter, the demand letters, and in the complaint in this lawsuit, instead of seeking a lesser amount over time. The Lees made identical arguments in a motion for judgment on the pleadings filed on September 7, 2017.

The trial court granted Deutsche Bank's motion for summary judgment and, in so doing, denied the Lees' motion for judgment on the pleadings as moot. Based on

---

[4] The Lees also joined Franklin Credit and Mackie Wolf as counter-defendants to this counterclaim.

[5] Deutsche Bank filed its complaint on January 20, 2017. Therefore, Deutsche Bank specifically argued that it was entitled to ten years' worth of monthly payments from January 20, 2011 to the February 1, 2021 date of maturity, in addition to the final balloon payment.

affidavits of an officer of Franklin Credit submitted by Deutsche Bank, which calculated an amount equal to the total of six years' worth of missed monthly payments, future monthly payments through the date of maturity, and the final balloon payment, the trial court awarded Deutsche Bank a judgment in the amount of $113,778.42. This appeal followed.

The Lees argue that the trial court erred in granting the motion for summary judgment when Deutsche Bank failed to fully comply with Tenn. R. Civ. P. 56.03. They further argue that, because the trial court should have denied the motion for summary judgment, the trial court erred in denying their motion for judgment on the pleadings as moot.

In arguing the issue of the mootness of the Lees' motion for judgment on the pleadings, the parties effectively argue the merits of Deutsche Bank's motion for summary judgment.[6] Additionally, the trial court ruled on Deutsche Bank's motion for summary judgment and the Lees' motion for judgment on the pleadings concurrently in the same order, considering, *inter alia*, affidavits submitted by Deutsche Bank. "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Tenn. R. Civ. P. 12.03. Therefore, the dispositive issue is ultimately whether the trial court properly granted Deutsche Bank's motion for summary judgment.

## STANDARD OF REVIEW

We review a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id*. In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

## ANALYSIS

As an initial matter, the Lees contend that the trial court erred in granting Deutsche Bank's motion for summary judgment for failure to fully comply with Tenn. R.

---

[6] Indeed, Deutsche Bank makes the same arguments it made in its motion for summary judgment, and the Lees make the same arguments they made in their response to Deutsche Bank's motion for summary judgment.

Civ. P. 56.03 by not supporting each fact in Deutsche Bank's statement of undisputed material facts by citation to the record. We disagree.

"A trial court, acting within its discretion, may waive the requirements of the Rule 56.03 under certain circumstances." *Cox v. Tenn. Farmers Mut. Ins. Co.*, 297 S.W.3d 237, 244 (Tenn. Ct. App. 2009) (citing *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774–75 (Tenn. Ct. App. 2001)); *Bobo v. City of Jackson*, 511 S.W.3d 14, 22 (Tenn. Ct. App. 2015) (reasoning that "a trial court may waive the requirements of Rule 56.03 in an appropriate case"). Although Deutsche Bank failed to support many of the facts in its statement of undisputed material facts by citation to the record, the majority of the facts not supported by citation to the record are clearly in reference to particular documents in the record. Therefore, under these circumstances, the trial court acted well within its discretion to waive full compliance with Tenn. R. Civ. P. 56.03.[7] Because the Lees are not entitled to relief on this issue, we turn now to the merits of Deutsche Bank's motion for summary judgment.

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Id.*

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215). When "'the party bearing the burden [of proof] at trial is the moving party,'" such as when a plaintiff "'files a motion for . . . summary judgment on [the] element[s] of his or her claim,'" the burden of production shifts to the nonmoving party if the moving party "'alleg[es] undisputed facts that show the existence of th[ose] element[s] and entitle the plaintiff to summary judgment as a matter of law.'" *Cardinal Health 108, Inc. v. E. Tenn. Hematology-Oncology Assocs., P.C.*, No. E2015-00002-

---

[7] The purpose of parties' statements of material facts regarding a motion for summary judgment is "'to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions.'" *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (quoting *Owens*, 77 S.W.3d at 774). Further, "the nonmoving party in a summary judgment proceeding should be sufficiently apprised of the moving party's asserted basis for summary judgment." *Bobo*, 511 S.W.3d at 22. These purposes are not vitiated when, absent a citation, it is nevertheless certain which evidence in the record supports a contention that a fact is undisputed.

COA-R3-CV, 2016 WL 158090, at \*2 (Tenn. Ct. App. Jan. 14, 2016), *no perm. app. filed* (quoting *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9, n.6 (Tenn. 2008)).

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye*, 477 S.W.3d at 264 (italics removed).

If the moving party satisfies its burden of production and thereby makes a properly-supported motion, the burden shifts to the nonmoving party "to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin*, 271 S.W.3d at 84 (citations omitted). Specifically,

> the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial."

*Rye*, 477 S.W.3d at 265 (alteration in original) (italics removed) (quoting Tenn. R. Civ. P. 56.06). "The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* Ultimately, a nonmoving party "cannot take [a motion for summary judgment] lightly and is required to demonstrate why granting [the] motion . . . would be inappropriate." *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 940 (Tenn. Ct. App. 1984).

Here, Deutsche Bank moved for summary judgment on its breach of contract claim that the Lees defaulted on the Note. Additionally, Deutsche Bank moved for summary judgment on the Lees' affirmative defense of the statute of limitations and the Lees' claims that Deutsche Bank violated the FDCPA and TCPA by seeking to collect time-barred debts. We turn first to the breach of contract claim.

To recover on a claim of breach of contract, a plaintiff "must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Because Deutsche Bank, as the plaintiff, would have the burden of proof at trial to prove these elements, the undisputed material facts must establish each of these three elements for Deutsche Bank to prevail at the summary judgment stage.

First, the Note constitutes a valid and enforceable contract between Deutsche Bank and the Lees, and the Lees do not argue to the contrary. Second, despite the fact that the Note requires the Lees to make monthly payments until February 1, 2021, the undisputed facts indicate that the Lees' last monthly payment on the Note occurred in 2008. According to the terms of the Note, failure to make a monthly payment constitutes default. Default on a promissory note amounts to a breach. *See Commercial Bank, Inc. v. Lacy*, 371 S.W.3d 121, 126 (Tenn. Ct. App. 2012) (reasoning that, "[b]ecause there is no dispute concerning the fact that [the defendant] failed to pay both promissory notes, . . . it is clear that [the plaintiff] is entitled to judgment as a matter of law"). Third, the affidavits of an officer of Franklin Credit set forth the amount of damages incurred by Deutsche Bank as a result of the Lees' failure to pay the monthly installments that were due within the six years preceding the commencement of this action and those due thereafter. No facts in the record dispute the validity of this amount. Therefore, the undisputed material facts establish all of the elements of Deutsche Bank's breach of contract claim. We now turn to the Lees' statute of limitations defense.

Asserting the statute of limitations as a bar to a claim is an affirmative defense. *See* Tenn. R. Civ. P. 8.03. "In Tennessee, the burden of proof concerning affirmative defenses rests on the party who raises the defense." *Eatherly Constr. Co. v. Tenn. Dep't of Labor & Workforce Dev.*, 232 S.W.3d 731, 737 (Tenn. Ct. App. 2006) (citing *Ass'n of Owners of Regency Park Condos. v. Thomasson*, 878 S.W.2d 560, 566 (Tenn. Ct. App. 1994)). The statute of limitations for "[a]ctions on contracts not otherwise expressly provided for" is six years. Tenn. Code Ann. § 28-3-109(a)(3). Chapter 28 of the Tennessee Code does not otherwise expressly provide for actions regarding promissory notes.

"As it pertains to an installment note, the law is well settled that the cause of action accrues on each installment when it becomes due, and that the statutory period begins to run from that moment on that installment." *Consumer Credit Union v. Hite*, 801 S.W.2d 822, 824 (Tenn. Ct. App. 1990). Here, Deutsche Bank sought missed monthly payments going back six years from the date of the filing of the complaint, which was January 20, 2017. Because a cause of action accrues with respect to each missed installment payment in an installment note, monthly payments that became due and owing since January 20, 2011 are not barred by the statute of limitations.

Additionally, "[i]n matters of installment notes containing acceleration clauses, the cause of action as to future non-delinquent installments does not accrue until the creditor chooses to take advantage of the clause and accelerate the balance." *Id.* at 824–25 (citing *Farmers & Merchs. Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn. Ct. App. 1982)). Here, Mackie Wolf sent demand letters with intent to accelerate payment to the Lees. Deutsche Bank thereby availed itself of the acceleration clause in the Note to accelerate

the total unpaid balance on the Note.[8] Deutsche Bank then filed suit approximately one month later. Thus, Deutsche Bank is also entitled to the accelerated future monthly payments and final balloon payment on the Note.

The affidavits submitted by Deutsche Bank set forth in detail the calculation of the six years' worth of missed monthly payments, as well as accelerated future monthly payments through the date of maturity and the final balloon payment. The total amount calculated therefore comports with the statute of limitations principles regarding installment notes and acceleration clauses. Nevertheless, the Lees argue that, because Deutsche Bank sought the same payment amount in the notice of default letter, the demand letters, and in the complaint, over a period of approximately five months, five months' worth of payments became unenforceable. In their brief, the Lees insist that Deutsche Bank, in not demanding a lesser amount over time, "[w]ithout a doubt . . . [is] seeking to collect some amount . . . that is time-barred." However, the Lees fail to "set forth specific facts" rebutting Deutsche Bank's affidavit calculating the amount owed. *See* Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265 ("The nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))).

Therefore, as a moving party that does not bear the burden of proof at trial on this issue, Deutsche Bank has demonstrated that the Lees' evidence is insufficient to establish the statute of limitations defense. *See Rye*, 477 S.W.3d at 264. Because the Lees' statute of limitations defense fails as a matter of law, it follows that the Lees' FDCPA and TCPA claims, asserting that Deutsche Bank sought payment of time-barred debts, also fail as a matter of law.[9]

Accordingly, because the undisputed material facts demonstrate that Deutsche Bank established the elements of a breach of contract claim and that Deutsche Bank did not seek payment of time-barred debts, we affirm the judgment of the trial court.

---

[8] Deutsche Bank complied with the terms of the Note in accelerating the balance. The Note permits acceleration of payments only if demand is made at least thirty days after notice of default. Franklin Credit sent a notice of default letter to the Lees on August 15, 2016. Mackie Wolf thereafter sent demand letters to the Lees approximately four months later in December of 2016.

[9] Even if the principal amount that Deutsche Bank initially sought in the notice of default letter or the demand letters was excessive at the time those letters were sent, there is no evidence to support a finding that the $92,198.77 to which Deutsche Bank referred in those letters was more than the full amount to which Deutsche Bank was entitled to recover pursuant to the terms of the Note and the statute of limitations. It follows that Deutsche Bank never attempted to collect any time-barred amounts.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Stacy Lee and Janice Lee.

_____
FRANK G. CLEMENT JR., P.J., M.S.